## LEE THOMASON V. ABB SEALE ET AL.

No. 6329.   Decided October 14, 1932.
(53 S. W., 2d Series, 764.)

*Bradley & Bradley,* of Groesbeck, *J. T. Ryan,* of Centerville, and *M. L. Bennett,* of Normangee, for relator.

Cited cases in opinion.

*Seal & Seal,* of Centerville, and *M. E. Gates* and *L. M. Cox,* of Huntsville, for respondent.

Mandamus will not lie to compel the court ·to perform an act required by statute in absence of request for performance or refusal. Oliver v. Gallagher, 119 Texas, 178, 26 S. W. (2d) 903.

Mandamus will not issue to relator, because· petition alleges a wrong, or alleges that the question is or will become moot where the relator has by his own acts brought about the condition complained of. Westerman v. Mimms, 111 Texas, 29, 227 S. W., 178; Turner v. Fisher, 222 U. S., 209, 32 Sup. Ct., 38, 56 L. Ed., 165.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is an original action by Lee Thomason, relator, against Honorable S. W. Dean, Judge of the 12th Judicial District Court, W. H. Hill, County Clerk of Leon County, and Abb Seale, respondents. The relator Thomason and the respondent Seale were rival candidates for the nomination of the Democratic

Party as its candidate for the office of Sheriff of Leon County at the first democratic primary, held on July 23d of this year. Thomason was declared the nominee by the proper election authorities, and a certificate of nomination awarded him. The respondent Seale filed a suit on August 9, 1932, in the District Court of Leon County, of which the respondent S. W. Dean is the judge, for the purpose of contesting the election by virtue of which Thomason was declared the democratic nominee. This election contest suit has been in process of trial since August 30, 1932, and has not yet been decided by the trial court. The purpose of this proceeding is to secure a writ of mandamus directing Judge Dean to dismiss the contest because the case is moot, and to compel the respondent Hill, County Clerk, to perform his statutory duties with reference to posting the name of the relator as provided by law, and placing his name as the nominee of the Democratic Party on the general election ballots. The impediment to the performance of these duties by the Clerk is a restraining order issued by Judge Dean in the case above named, which on August 23, 1932, was continued in effect "until the determinaton at the trial of said cause in this court." The pleadings in the election contest case are not before us, but it sufficiently appears from the petition filed in this cause that in those pleadings the qualification and disqualication of many voters was involved. The contestant and the contestee in the District Court each set out the names of many alleged disqualified voters with the grounds of their disqualification. In addition to the specified voters, when the case came on for hearing in the District Court the parties were permitted to file amendments to their pleadings, setting up additional challenges and additional grounds, and offer testimony with respect thereto, of several hundred additional voters challenged by the parties. The trial in the District Court began on August 30, 1932, and extended, with some recesses, through a period of some three weeks but the taking of testimony actually took twelve days time. During this period of time the court heard the testimony of approximately 342 witnesses, the evidence being introduced for the purpose of contesting the legality and eligibility of approximately 300 voters. There was evidence likewise challenging the legality of approximately 1,000 votes cast in various boxes under various and sundry irregularities in addition to the 300 individual votes above mentioned. The case, however, was not decided by the trial court on September 16th, when the testimony to which we have made reference was closed; but, apparently without adjourning the special term of

court which had been called to try the contested election case, the judge repaired to Grimes County to hold a term of the District Court in that county. Afterwards, on September 30th, the District Judge returned to the county seat of Leon County, and there stated that he had not determined the case which he had had under advisement since the close of the evidence on September 16th. So, on that date he requested counsel to present oral argument on the legal questions involved, which was done. The court, according to the allegations in the petition, *"then stated that the time remaining before the general election was too short for either party to appeal the case from any decision he might make, and that he was holding a term of court in Groveton, Trinity County, Texas, and would go back and work on this election contest at odd times, and would render his decision as soon as he worked the matter out."*

There are other matters stated in the petition and answer, but the above appears to us to be sufficient for a determination of the questions before us.

■■ We think it apparent that on September 30, 1932, when the court last sat in the case and announced that he would devote further time to its consideration, the case was moot, and that the injunction should have been dissolved and the cause dismissed for that reason. The general election must be held on November 8, 1932. It is, therefore, apparent that the time intervening between September 30, 1932, and November 8, 1932, was 37 days. The absentee voting statutes of this State contemplate that the county clerks shall have on hand ballots ready for distribution to absentee voters 20 days before election day; and willful disobedience of the law is punishable by severe penalties. R. S., Art. 2956, as amended by Acts 42d Legislature, chap. 104; Penal Code, Art. 230; Sterling v. Ferguson, 122 Texas, 122, 53 S. W. (2d) 753. The county clerk is directed to order the ballots printed after he has posted the names of the nominees certified to him for 10 days prior to ordering them printed. For a willful failure to perform the duties specified in the statute the clerk would be liable to punishment. Penal Code, art. 206; Sterling v. Ferguson, supra. In addition to the cumulative time specified in the statutes cited some time would be required to prepare, print and distribute the ballots. A substantial compliance with these statutes is embraced within the right given the holder of a certificate of nomination. It is obvious that a case of this magnitude, involving the legality of votes of hundreds of primary electors and the testimony of more than 300 witnesses, could not have been prepared and carried

to the Court of Civil Appeals in time for an orderly disposition of the case, to be followed by any substantial compliance by the county clerk and the county election board with the statutes with reference to posting notices of the nomination and printing of ballots in time for absentee voters. We think it plain, as a matter of law, that Judge Dean could not, even on September 30, 1932, have rendered a judgment which would have become final in time to be of any avail to the contestee or contestant, in view of the statutory right of appeal, which is guaranteed to both parties. Love v. Wilcox, 119 Texas, 256, 271, 28 S. W. (2d) 515.

■ We have heretofore shown that Judge Dean himself determined that sufficient time did not intervene between September 30th and election day for the judgment rendered by him to be reviewed on appeal, under a proper presentation of the record, involving a lengthy statement of facts, to be agreed on by the parties or prepared by the judge. The fact that an injunction had been issued, which might prevent the name of the relator going on the ticket, would not avail to preserve the subject matter of the litigation after the time arrived when it was the duty of the county clerk and other election officers, as a matter of law, to comply with the relevant statutes and post the name of the relator as provided by law and print the same on the ballots. Sterling v. Ferguson, supra.

■■ When Thomason received the certificate of nomination it gave him a certain definite standing, and endowed him with a valuable right, which could be enforced. This right was not only to have his name printed on the official election ballot, but he was entitled to have the statutes providing for the posting of his name 10 days before the ballots were printed complied with in a substantial manner, and was entitled to have his name printed on the official ballot in substantial compliance with the absentee voting statute. Of course the right evidenced by the certificate may be suspended by the pendency of a contest in a court of competent jurisdiction, where the contest has been filed in due time, but such right will not be suspended longer than after the contest becomes unavailing and moot from lapse of time. Sterling v. Ferguson, supra, and authorities there cited.

■■ We deem it unnecessary to discuss at very great length the authorities in support of the rule announced by us, that when it is apparent that a contested election case cannot be determined in time for the candidate holding a certificate of

nomination to have the statutes with reference to posting his name and having it printed on the ballots substantially complied with, the case is moot. This has been done fully in the case of Sterling v. Ferguson, cited above,. and we refer to the opinion in that case for our reasons for an adoption of the rule. So, looking at the proceeding before us, the contested election case pending in the District Court of Leon County is moot with reference to any right which might be adjudicated in favor of Mr. Seale; and to continue its trial as against Mr. Thomason with an injunction against the posting of his name and placing the same on the ballot as the holder of the certificate of nomination, would deprive him of the right evidenced by that certificate. To sustain such an injunction would be to take property without due process of law, in violation of both the Federal and State Constitutions. Sterling v. Ferguson, supra.

In the cited case of Sterling v. Ferguson, recently decided by us, we in part said:

"So, in the very nature of things, an injunction, the effect of which is to prevent the certification of Mrs. Ferguson's name after the time arrives when it must be certified, in order to be posted and placed on the ballot as provided by law, not only does not preserve the subject matter, but destroys the right of the certified nominee and grants no right of value to the contestant. Such an injunction no court has power to issue, except after final trial on the merits. Commonwealth v. Combs, 86 S. W., 697, 701; Weaver v. Tomey, 54 S. W., 732; High on Injunctions (4th ed.), Vol. 1, Secs. 4, 5, 5a.

"So, looking at the proceedings before us, the contested election is moot with reference to any right which might be adjudicated in favor of Governor Sterling, and to continue its trial as against Mrs. Ferguson, with an injunction against the certification of her name as the holder of the certificate of nomination, would deprive her of the right evidenced by that certificate, which cannot be done by any court decree except a final one entered after trial."

What was there said is applicable in principle to the facts of the instant case. It is apparent then that not only was this case moot on September 30, 1932, but the injunction theretofore issued on that date should be dissolved.

Having reached the conclusion that the case pending in the District Court of Leon County is moot, and that the injunction cannot be sustained after the date on which the case became moot, we will next consider what order should be entered by us in the proceeding before us.

■ There is no necessity to issue a writ of mandamus against the respondent Hill, the County Clerk of Leon County, since his only reason for not posting the name of the relator Thomason as the democratic nominee for sheriff, and not printing it on the ballots, as provided by law, is the pendency of the injunction which we have heretofore stated has now ceased to be valid.

■ With reference to the issuance of the writ of mandamus directed to Judge Dean, we are of the opinion that we have jurisdiction to direct the issuance of the writ, and that we should issue it. It is apparent from the state of the case before us that the relator has no adequate remedy, by appeal or otherwise, in the event the District Court should decide the case against him, or should fail to dismiss the cause because it is now moot. In such a case we believe that this Court has the power to direct the District Judge to proceed with the trial of the case, dissolve the injunction previously issued, and dismiss the cause because it is moot. Without entering into a discussion of our jurisdiction, we direct attention to the case of Yett v: Cook, 115 Texas, page 175, and pages 184 to 190, 268 S. W., 715, where we have investigated the subject of our jurisdiction and laid down rules which we think are applicable to the instant case.

Of course it will not be controverted that we have the power, in a proper case, to direct a District Judge to proceed to the trial of a pending suit. Where the only proper judgment which a District Judge can enter upon proceeding to trial on undisputed facts is one of dismissal, we think we should give that direction to him. If it were possible to correct an adverse ruling by appeal in time to be of avail to the losing party, we might permit the trial court to take his own course, even though of the opinion that but one correct judgment could be entered. Where, however, as here, the remedy by appeal cannot avail the relator if the trial court should rule against him, and where the effect of the adverse judgment would be to deprive him of the property rights evidenced by a certificate of nomination, which must be regarded as vital and effective until it has been annulled by a final judgment, or by a pending contest possible of final court determination, we think it is our duty to direct the issuance of the writ of mandamus. True it is that the District Judge has not been moved to dismiss the case because moot; but on September 30, 1932, according to the pleadings, he stated in open court that the trial could not be finished and an appeal had in time for compliance with the election laws.

Notwithstanding this conclusion of the court, which was manifestly correct, he did not dismiss the case, but kept it on the docket under advisement, and subsequently thereto received some type of evidence, etc. In other words, he was, and still is, considering the case on its merits. In the instant case the District Judge has not filed an answer in which he states that in response to the pleadings of the relator he will dismiss the case. On the contrary, a written statement is filed in which he says, in effect, that he had intended to enter judgment in the case on October 13th, the day we heard this cause. In the statement referred to the District Judge says:

"It was my intention to render judgment in the cause tomorrow at Centerville. All the parties have submitted to the jurisdiction and each of said parties have introduced probably more than a hundred witnesses besides numerous records and tax receipts.

. "This court still has jurisdiction of the parties and subject matter of said cause."

Had the District Judge answered that he would dismiss the case because moot, and dissolve the injunction, we, of course, would not order the mandamus to issue. We think it clear enough, though, that the District Court has no such purpose, but intends to render judgment upon the merits of the case.

The mandamus prayed for against the District Judge will therefore issue, directing him to dismiss from his docket the contest of election case thereon pending, in which the respondent Seale is the contestant and the relator Thomason is the contestee, directing the Judge to dissolve the temporary injunction theretofore issued by him in said cause restraining the respondent Hill, the County Clerk of Leon County, from certifying, posting, or publishing relator Thomason's name as the nominee of the Democratic Party for the office of Sheriff of Leon County, and from in any way aiding or causing the relator Thomason's name to be placed upon the official ballot for the general election as a candidate for the office of Sheriff of Leon County; and also directing the District Judge to order a certified copy of the judgment entered by him hereunder transmitted by the Clerk of his court to the County Clerk of Leon County, as provided by R. S., Art. 3152, as amended by the Acts of the 42d Legislature, Chap. 241; whereupon it will be the duty of the County Clerk of Leon County to post the name of Lee Thomason as the democratic nominee for Sheriff, for such time as may yet remain for posting names of certified nominees, and place his name on the official ballot as provided by law.

Immediately on the filing of this opinion the Clerk of this Court is directed to issue the mandate and writ of mandamus to the Honorable S. W. Dean, Judge of the 12th Judicial District Court, accompanied by a copy of this opinion; and Judge Dean will immediately upon the receipt of the mandate enter the order of dismissal and direction to the District Clerk, and of dissolution of the injunction previously issued by him in the election contest case pending in his court between respondent Abb Seale and the relator Thomason.

This is a summary proceeding under the statutes, and this judgment is final from its rendition, and motions for new trial will not be filed nor considered. The judgment of dismissal and the dissolution of the injunction to be entered by the District Judge under the direction of this Court shall likewise be final, from which no appeal will lie.

The petition for mandamus as against W. H. Hill, County Clerk of Leon County, will be refused; but as against the District Judge, the Honorable S. W. Dean, Judge of the 12th Judicial District, the mandamus will issue.