## OLIVER v. FREELAND.
### No. 9645.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 28, 1934.

Rehearing Denied Oct. 1, 1934.

Montgomery, Hall & Taylor and Kennedy Smith, all of Edinburg, for appellant.

Cecil R. Fulton and E. A. McDaniel, both of McAllen, and Fidencio G. Garza, of Edinburg, for appellee.

MURRAY, Justice.

At the Democratic election held in Hidalgo county on July 28, 1934, F. B. Freeland and J. J. Oliver were rival candidates for nomination to the office of county assessor and collector of taxes.

The county Democratic executive committee canvassed the returns of the election, declared Oliver the nominee of the party, and issued to him a certificate of nomination to the office. Freeland filed a contest in the Ninety-second district court of Hidalgo county, and, at a special term, a trial was had and judgment was entered on September 20, 1934, setting aside Oliver's certificate of nomination, and declaring Freeland to be the nominee and entitled to have his name placed upon the official election ballot for the general election to be held on November 6, 1934.

Oliver gave notice of appeal, and, on September 20, 1934, filed his appeal bond. On September 24th he filed the transcript consisting of 96 typewritten pages in this court, together with a motion for leave to file the statement of facts at a later date in the event this cause is to be heard upon its merits.

Appellant, Oliver, has also filed a motion herein supported by affidavit, suggesting that the statement of facts in this cause will probably amount to 2,200 pages of typewritten matter, and that it will probably require fifty days for the preparation of the same. The motion further suggests that in view of the statute, which requires the county clerk to post the name of nominees for ten days, and which permits absentee voting to begin twenty days before the general election, and of the further fact that the printing of the ballots will require several days, there is not now time remaining sufficient for this appeal to be heard and determined in this court, and, therefore, there can be no final judgment rendered herein in time to be carried into effect at the general election. It is further suggested and moved that it is now our duty to dismiss this cause and thereby permit Oliver to enjoy the rights given him under his certificate of nomination.

This case is exactly similar to the case of Thomason v. Seale, 122 Tex. 160, 53 S.W.(2d) 764, 765, by the Supreme Court of this state, with the exception that in that case the district judge, though he had completed the hearing, had not yet announced his decision nor entered his judgment thereon, while in this cause the district judge has announced his decision and has entered his judgment.

The Supreme Court in the Thomason Case, speaking through Mr. Chief Justice Cureton, had this to say:

"We think it plain, as a matter of law, that Judge Dean could not, even on September 30, 1932, have rendered a judgment which would have become final in time to be of any avail to the contestee or contestant, in view of the statutory right of appeal, which is guaranteed to both parties. Love v. Wilcox, 119 Tex. 256, 271, 28 S.W.(2d) 515."

In the Love Case we find the following language by Mr. Associate Greenwood who delivered the opinion for the Supreme Court:

"Should this court now refuse to take jurisdiction, relator would be unable to procure any decision from the state's highest judicial authority. No judgment of the district court could become final in time to be of any avail in view of statutory rights of review by appellate courts."

■ The above decisions of the Supreme Court clearly announce the principle that a judgment in an election case can be of no effect until heard and determined on appeal by all higher courts having jurisdiction.

It is plain in the instant case that there is not now sufficient time to secure a statement of facts, and then to submit the cause in this court, and for this court to pass upon the many propositions, which no doubt would be presented where the trial court has sustained challenges to more than 400 votes cast in a primary election, in time for judgment to become effective before the time for posting names of nominees by the county clerk. As a matter of fact, the appellee, Freeland, while suggesting that appellant unnecessarily cause a several days' delay in the trial court, does not contend that there remains sufficient time to hear and determine this appeal.

Prior to the Acts of 1931, the judgment of the district court was final and no appeal was allowed in a contest for the nomination to a county office, but the 42nd Legislature, at its regular session, passed an act printed at page 395, c. 241, of the Acts of such session (Vernon's Ann. Civ. St. arts. 3152, 3153), authorizing appeals to the Court of Civil Appeals in such cases, thus preventing the judgment of the district court from becoming final until the appeal has been heard and determined.

■ In Sterling v. Ferguson, 122 Tex. 140, 53 S.W.(2d) 753, 760, the Supreme Court said:

"The existence of these statutes does not, of course, prevent the contest of an election as provided for in articles 3146 to 3152 of the Revised Statutes where the office is one within the jurisdiction of the agency invoked, but they do mean that such an election contest becomes moot, and the issues no longer justiciable, when the time comes that a final judgment adjudging the validity or invalidity of the election certificate cannot be heard in time for the certificate of the secretary of state to reach the county clerks of the various counties of the state in time for at least substantial performance of the duties prescribed by law for the protection of valuable rights granted nominees and voters. When that time arrives the contest case is moot and should be dismissed."

■ Appellee contends that in a proper exercise of our appellate jurisdiction we cannot consider the fact that the statement of facts cannot be prepared and this cause submitted and decided in this court for want of sufficient time, because article 1837, R. S. 1925, which sets forth what may be considered by the Courts of Civil Appeals in the exercise of their appellate jurisdiction, does not authorize us to consider such matters. We cannot sustain this proposition. It has been definitely decided in this state that, when an appellate court discovers that a cause has become moot, the only proper procedure is to dismiss not the appeal only but the entire cause. A. B. Richards Medicine Company v. Avant (Tex. Civ. App.) 275 S. W. 260; McWhorter v. Northcut, Mayor, 94 Tex. 86, 58 S. W. 720; Niggli v. Speegle (Tex. Civ. App.) 279 S. W. 874; Riggins v. Richards, 97 Tex. 526, 80 S. W. 524.

■ Neither can we sustain the proposition that the fact that the district court had announced and entered its final judgment distinguishes this case from the Thomason v. Seale Case. The judgment rendered in the district court lacked such finality as would deprive the holder of the certificate of nomination of his right to have his name placed upon the official ballot, and give that right to the contestant. When an appeal was perfected to this court and during the time the same is pending here, the action brought in the trial court is regarded as continuing in this court. As was said in United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550, 554:

"In this state 'a proceeding to review a judgment either by appeal or writ of error "is but the continuation of the action in suit brought in the trial court." ' The judgment thus appealed from is deprived of that finality necessary to make it admissible in evidence, or the basis of a plea in bar in support of the right or defense declared by it so long as there is an appeal pending. And this is

true whether the appeal is prosecuted under supersedeas or cost bond."

See, also, 3 Tex. Jur. 364, Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, 330.

Appellant's motion to dismiss the cause will be granted at the cost of appellee.