CUMMINS v. DEMOCRATIC EXECUTIVE
COMMITTEE OF LAMPASAS COUNTY
et al.

No. 8572.

Court of Civil Appeals of Texas. Austin.
Oct. 9, 1936.

J. Tom Higgins, of Lampasas, for appellant.

Walker & Hammett, of Lampasas, for appellees.

BLAIR, Justice.

This is a contest of the nomination of Hosea Bailey for the office of county commissioner of precinct No. 1 of Lampasas county, Tex., in the Democratic runoff primary, held August 22, 1936, the contestant, Aaron Cummins, Jr., being his runoff opponent. Contestant filed his contest with the Democratic executive committee of Lampasas county on August 29, 1936. The county Democratic chairman notified Hosea Bailey of the contest on August 29, 1936, and set same for hearing on September 4, 1936, at which time Bailey appeared before the executive committee and moved to dismiss the contest. This motion was sustained by the executive committee, and the contest was dismissed. The contestant then filed his appeal to the district court of Lampasas county, Tex. The cause was there set for hearing on September 14, 1936, at which time contestee Bailey filed his motion to strike contestant's amended original petition and to dismiss the contest; and on the same day the trial court sustained the motion and dismissed the cause. Contestant filed his appeal to this court on September 22, 1936, together with his motion to advance, which was granted, and the cause was submitted on briefs and oral argument October 7, 1936; at which time contestee filed his motion to dismiss this appeal, because contestant did not serve him with a copy of the grounds of his contest as required by article 3130, R.S.1925.

We have reached the conclusion that neither the question raised by the motion to dismiss, nor by the appeal on its merits, need now be decided, because the contest has now or will become moot before the contest, if the cause were reversed, could

be tried and a final decree entered in time for the election officials to perform the statutory duties necessary in preparing for the general election to be held on November 3, 1936.

The rule is settled in this state that, where a contest between candidates for nomination in a party primary election cannot be tried and a final decree entered in time for substantial compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the general election, the courts must dismiss the contest as being moot. Sterling v. Ferguson, 122 Tex. 122, 53 S.W. (2d) 753, 760. This is true, even though the contestant may have good cause or grounds for his contest. The Sterling Case fully discusses the rule and the statutes relating to the various duties of the officials charged with preparing for the general election, and no necessity exists for elaborating upon such matters here. Suffice it to say that the facts of this cause bring it within the rule. They show that contestant has conducted his contest thus far with about as much speed as possible; but is now confronted with the fact that, even though we should give him the relief sought, and reverse his cause for trial on its merits, such trial could not be had and final decree entered in time for the election officials to perform their mandatory statutory duties in preparing for the general election. There remained only 8 days after the submission of this cause, on October 7, 1936, until voters may cast absentee votes for candidates who appear on the official general election ballot. If this case were reversed, a trial on the merits must be had. This court judicially knows that the term of the district court of Lampasas county has expired, and that the district judge would have to convene a special term, which is a matter within his discretion. This court also judicially knows that, even though we reverse this cause forthwith and prohibit contestee from filing a motion for a rehearing, it could not be again tried and an appeal perfected, even if the contestant were successful, in time for absentee ballots to be prepared for use on October 15, 1936, which is the first day an absentee vote may be cast. The judgment rendered may be superseded, and, even though the appeal is perfected "forthwith" as required by statute, it requires a reasonable time to brief and orally submit the case on appeal, and after submission several days would not be unreasonable for the appellate court to consider and prepare its written opinion—this of course being controlled by the number and nature of the questions presented. The sheriff, county judge, and county clerk must, under mandatory statutes, have these ballots on hand in order that absentee voting may begin in accordance with law. It necessarily requires time to prepare the ballots for absentee voting. Attention is also called to article 206 of the Penal Code which requires the county clerk under penalty to have the names of all candidates certified to him posted for "at least ten days before he orders the same to be printed on said ballot." This 10 days, in addition to the 20 days allowed for absentee voting, make at least 30 days prior to the date of the general election when the officials must begin preparing for the general election. The time for this first preparation had therefore begun to run even before this cause was submitted in this court, on October 7, 1936. These statutes are mandatory, and substantial obedience may be required by proper proceedings. This does not prevent, as was pointed out in the Sterling Case, the contest of an election as provided in article 3146 and article 3152 as amended by Acts 1931, c. 241, § 1 (Vernon's Ann.Civ.St. art. 3152), but means "that such an election contest becomes moot, and the issues no longer justiciable, when the time comes that a final judgment adjudging the validity or invalidity of the election" cannot be had "in time for at least substantial performance of the duties prescribed by law for the protection of valuable rights granted nominees and voters. When that time arrives the contest case is moot and should be dismissed."

In accordance with our above conclusions and the rules of practice announced by the Supreme Court in the Sterling Case, the judgment of the trial court dismissing the contest case is affirmed upon the ground that such case is moot, and that this judgment of affirmance shall be summary, and the clerk of this court is directed to issue the mandate at once.

Affirmed.