### TAYLOR v. WHEELER.

No. 3812.

Court of Civil Appeals of Texas. El Paso.
Oct. 8, 1938.

Rehearing Denied Oct. 10, 1938.

Kerr & Gayer, of San Angelo, and Ernest Guinn, of El Paso, for appellant.

B. W. Smith and Upton, Upton & Baker, all of San Angelo, for appellee.

PER CURIAM.

This is an election contest. The appellee Wheeler was the contestant and Taylor the contestee. The parties were rival candidates for the Democratic nomination for County Commissioner of Precinct One of Upton County. The case was tried in the District Court of Upton County and judgment rendered October 3, 1938, declaring Wheeler to be the Democratic nominee, and containing the other provisions usual in judgments of this nature. From this judgment Taylor appealed, the transcript being filed in this Court October 7, 1938. It was not accompanied by any statement of facts because at that time it had not been possible to procure such statement.

The appellant in this Court moves to dismiss the contest. It is our opinion this motion should be overruled. The case was not moot when it was tried in the District Court of Upton County and judgment rendered. If it had been moot the District Court should have entered an order of dismissal of the contest. Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764. The transcript reveals no challenge of the contest in the District Court upon the ground that it was moot. The case now before this Court is that of a solemn judgment of the District Court of Upton County declaring the appellee to be the nominee. That judgment appellant contends we should set aside merely because appellant has filed a transcript and a motion to that effect, the time being too short to permit of the proper briefing, hearing and consideration of the appeal.

The idea that a judgment of the District Court may be treated so lightly is not to be considered. The appeal is moot. The contest is not; and we have no right to disregard the judgment entered in that contest except after full hearing and the ascertainment of error in its rendition. The motion to dismiss and other accompanying motions of appellant are overruled. The appeal is dismissed. Sterling v. Ferguson, 122 Tex. 122, 53 S.W.2d 753.

On Rehearing.

We anticipate a further proceeding for review of our judgment. In order to hasten the procedure, we make the following additional findings of fact: The contest was filed before the County Executive Committee on August 1, 1938 by Wheeler, appellee; the appeal was filed in the District Court by being filed in the clerk's office August 12, 1938 by Wheeler, contestee having prevailed before the Executive Committee. No special term of the District Court was called. The case was heard at the regular term of the District Court which convened September 26, 1938, and which, by operation of law, ended October 8, 1938. In our opinion there is not sufficient time for effective action in the event we should certify the question at issue to the Supreme Court, though we recognize that our holding herein is in conflict with that of the Court of Civil Appeals of the Fourth Supreme Judicial District in Oliver v. Freeland, 74 S.W.2d 711.

Nor have we sufficient time in which to elaborate our views and state the reasons for differing with the San Antonio Court of Civil Appeals in the case cited. Suffice it to say, that in our opinion the practical effect of the ruling in Oliver v. Freeland is to deny the right of contesting the declared results of all second primaries; for in those cases it is impossible to try the case in the District Court and dispose of it upon appeal in the Court of Civil Appeals, where, upon rehearing, a motion may be filed, as is filed in this case, to certify the case to the Supreme Court upon the ground of an alleged conflict, which allegation may be in fact true, as it is true in this case. We cannot see our way clear to thus destroy the right conferred by statute to contest the declared result of a party primary election. Accordingly the motion for rehearing and the motion to certify are overruled.

On Further Hearing.

Immediately following the handing down of the opinion in this cause appellant applied to the Supreme Court for a writ of mandamus. On October 15, 1938, this Court was served by telegraph with the following order of the Supreme Court: "The Court of Civil Appeals and the Justices thereof are instructed to set aside its order heretofore entered in cause No. 3812 in said court, relating to this matter, which order dismisses the appeal in said cause. The Court of Civil Appeals and the Justices thereof are further ordered in Cause No. 3812 to reverse and set aside the order of the District Court of Upton County, Texas, relating to this election contest. The Court of Civil Appeals and the Justices thereof

are further ordered and instructed in cause No. 3812 to dismiss said entire cause before it, including the election contest, so as to leave said contest as though it had never been filed. An opinion in this cause will be filed later. No motion for rehearing will be entertained in this cause, and·the judgment of this Court shall become effective forthwith. This mandamus will issue at once and be served by telegram."

Complying with the mandate of the Supreme Court, it is, therefore, ordered that the judgment heretofore rendered in this court be set aside and held for naught; that the judgment of the District Court of Upton County relating to said election contest is reversed and set aside and the entire cause, including the election contest, is dismissed, leaving said contest as though it had never been filed.