**ILES v. HARGIS et al.**

**No. 3478.**

Court of Civil Appeals of Texas. Beaumont.

Oct. 13, 1938.

Rehearing Denied Oct. 14, 1938.

Adams & McAlister, of Nacogdoches, for appellant.

Sanders & McLeroy, of Center; for appellees.

PER CURIAM.

On September 2, 1938, W. B. Hargis, as contestant, recovered a judgment against W. E. Iles, as contestee, in the district court of Sabine County, Texas, in which judgment W. B. Hargis was declared the nominee of the Democratic party for the office of County Superintendent of Public Instruction of Sabine County, and a certificate of election previously issued by the Democratic Executive Committee of Sabine County to W. E. Iles was cancelled and annulled. The judgment was certified to the county clerk of Sabine County for observance in the performance of pre-election duties and preparation of the ballot for the general election. Two attempted appeals of Iles from that judgment, one by appeal and the other by writ of error, were heretofore dismissed by this court for want of jurisdiction. On October 6, 1938, appellant, Iles, as plaintiff, presented to Hon. F. P. Adams, Judge of the First Judicial District, in vacation, a petition wherein the judgment above mentioned was attacked as null and void on grounds specifically alleged, including allegations that he had not been served with notice of the contest as required by statute, and had entered no appearance in said suit. He alleged grounds for injunctive relief, and closed his petition with the following prayer:

"Wherefore, plaintiff prays the court that a writ of injunction issue herein restraining the defendants, and each of them, from enforcing or attempting to enforce said judgment rendered in cause No. 6182 in the District Court of Sabine County, Texas, and from posting or attempting to post the name of W. B. Hargis as the democratic nominee for County Superintendent of Public Instruction of Sabine County, Texas, and from placing or attempting to place the name of the said W. B. Hargis on the ticket to be prepared for the general election as the democratic nominee for County Superintendent of Public Instruction of Sabine County, Texas, and that defendants, and each of them, decided to answer this petition, and on final hearing hereof said injunction be made perpetual and said judgment rendered in cause No. 6182 be set aside and de-

clared null and void for costs of suit and such other and further, special and general, in law and in equity to which he may be justly entitled."

The petition, which was duly verified, was presented to Judge Adams in Chambers on October 6th and the prayer for injunction was refused. The petition, together with an appeal bond, was filed with the district clerk of Sabine County on the same day, and on October 7, 1938, the transcript was filed in this court. Submission was advanced and the cause submitted yesterday, October 13th.

The court entertains grave doubt that we would have any jurisdiction to consider this appeal even if this case were not moot. But, since we have reached the conclusion that the judgment of the trial court denying the injunction was correct because the case was moot, we do not pass upon the jurisdictional question since, in effect, the same result is reached.

It is obvious from the facts above recited that at the time the petition was presented to Judge Adams there was not sufficient time to allow for trial and entry of final decree in time for a substantial compliance with the pre-election statutes, Vernon's Ann.Civ.St. Art. 3146 et .seq. The case was, therefore, moot and the trial judge did not err in refusing the injunction. Sterling v. Ferguson, 122 Tex. 122, 53 S.W.2d 753; Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764; Cummins v. Democratic Executive Committee of Lampasas County, Tex.Civ.App., 97 S.W.2d 368.

This appeal being moot, it will have to be dismissed, and it is so ordered.