# W. E. Iles v. Honorable Daniel Walker, Chief Justice of The Court of Civil Appeals for the Ninth Judicial District, et al.

No. 7480. Decided October 17, 1938.
Opinion filed October 26, 1938.
(120 S. W., 2d Series, 418.)

*Adams & McAllister,* of Nacogdoches, for relator.

*Sanders & McLeroy,* of Center, for respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original mandamus proceeding filed in this Court by W. E. Iles as relator against Honorable Daniel Walker, Chief Justice of the Court of Civil Appeals at Beaumont, et al., as respondents. The proceeding grows out of the following undisputed facts:

1. W. E. Iles, relator here, and W. B. Hargis, one of the respondents here, were opposing candidates for the Democratic nomination for the office of County Superintendent of Public Instruction of Sabine County, Texas, in the Democratic primary election held in such county on July 23, 1938. As shown on the face of the election returns of such election relator received a majority of one vote, and was declared the Democratic nominee for the above-mentioned office by the Democratic Executive Committee of Sabine County, Texas. Also, such committee issued to relator a certificate of nomination.

2. On the 11th day of August, 1938, respondent Hargis filed a contest of Iles' nomination in the District Court of Sabine County, Texas. In this proceeding Hargis was a contestant and Iles the contestee. It appears that Honorable F. P. Adams, Judge of the District Court of Sabine County, Texas, called a special term of such court to be begun on August 29, 1938, such term being called for the purpose of trying the above-mentioned primary election contest. It appears also that Honorable F. P. Adams noted his inability to try such contest, and Honorable W. B. Browder, Judge of the Ninth Judicial District, was duly named to hear and determine such cause.

3. On August 22, 1938, citation and notice of contest was duly issued out of the District Court of Sabine County, Texas, commanding W. E. Iles, relator, to appear before such court on August 29, 1938, to answer the petition of the contestant Hargis. This citation or notice of contest was never served upon Iles personally, but on the 22d day of August the Sheriff of Sabine County, Texas, purported to serve the same by delivering a copy thereof to Elwin Iles, the sixteen-year-old son of W. E. Iles, at the usual place of abode of the said W. E. Iles. The facts with reference to such attempted service affirmatively appear upon the face of the final judgment entered in the contest proceedings. We here quote as follows from such judgment:

"The Court further finds that because of the inability of

plaintiff, contestant, W. B. Hargis and of the Sheriff of Sabine County, to serve and/or to find said defendant within Sabine County so as to be served with such process and notice service was had upon such defendant with provision of Article 3044, Revised Civil Statutes of this State due and proper service was had upon said defendant W. E. Iles, by the service of notice of the intention of contest of said election and the grounds therefor and the specifications thereof and of citation, all in writing upon Elwin Iles, the son of the defendant, at the usual place of abode of the defendant at Pineland, in Sabine County, Texas, the said Elwin Iles, said son of defendant W. E. Iles being at the time over the age of sixteen years, which is fully shown by the return of the Sheriff of Sabine County, Texas."

4. On the 29th day of August, 1938, the contest above mentioned was called for trial in the District Court of Sabine County, Texas, and after hearing certain matters with reference to inability to secure personal service on Iles, the trial of such contest was postponed until September 2, 1938, upon which last mentioned date the contest was again called for trial. The contestee Iles never made any appearance in the District Court proceedings, never participated in the trial therein, and never waived statutory service in any way.

5. On September 2, 1938, the trial of the contest was had in the district court, evidence heard, and judgment entered vacating the certificate of nomination issued to Iles, and declaring Hargis the Democratic nominee for the office in question. The judgment contains such other orders as were necessary to put same into effect, and to cause Hargis' name to be posted and printed on the official ballot for the November, 1938, election as the Democratic nominee for the office above mentioned.

6. On September 5, 1938, Iles filed an appeal bond for the purpose of appealing the district court judgment above mentioned. Also, on September 15, 1938, Iles filed the record of appeal, including the transcript and statement of facts, in the Court of Civil Appeals at Beaumont. Also, on September 22, 1938, Iles filed application for writ of error to the Court of Civil Appeals, and on the same day he had citation in error issued and served, and filed writ of error bond, secured a transcript of the District Court proceedings, and filed the same in the Court of Civil Appeals in an attempt to perfect an appeal from the district court judgment by writ of error, as well as by direct appeal.

7. The Court of Civil Appeals set both the direct appeal and the appeal by writ of error for hearing on October 6, 1938, at which time both cases were submitted and argued. On October 10, 1938, the Court of Civil Appeals rendered its opinion and judgment, dismissing both the direct appeal and the appeal by writ of error. As reasons for its rulings and judgment the Court of Civil Appeals held:

(a) That Iles' direct appeal should be dismissed because no notice of appeal was given in the district court as required by Article 2253.

(b) That our statutes do not contemplate that election contests of this character should be appealed by writ of error.

The above judgment of the Court of Civil Appeals has become final, and the effect of same, as disclosed by the opinion rendered, is to adjudge and declare that the judgment in the district court stands unappealed. In this connection, the Court of Civil Appeals did not pass on the validity of such judgment, but simply held that Iles had not succeeded in appealing same either by direct appeal or by writ of error. We are not here concerned with the correctness of such ruling.

8. On October 6, 1938, Iles filed a petition in the District Court of Sabine County, Texas, asking that court to enjoin any enforcement of the original judgment entered in the contest proceeding. This relief was sought on the alleged ground that such original judgment was void for lack of service on contestee. This injunction was refused by the district court, and Iles appealed to the Court of Civil Appeals. We understand that such appeal has been dismissed by the Court of Civil Appeals.

9. After the happening of the above events relator Iles, with permission of this Court, filed this proceeding directly in this Court against the Justices of the Court of Civil Appeals at Beaumont, against Judges F. P. Adams and W. B. Browder, against J. O. Wright, County Clerk of Sabine County, Texas, and against W. B. Hargis, the original contestant. We shall not attempt to set out all the relief prayed for. It is sufficient to say that this is an original mandamus proceeding, and we regard the prayer contained in the petition as sufficient to justify the judgment we have already entered.

OPINION

Before proceeding further we deem it expedient to quote

certain statutes which we shall later discuss and construe. Such statutes are as follows:

"*Art. 3042. Notice of contest.*—Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared."

"*Art. 3043. Reply to notice of contest.*—The person holding such certificate shall, within ten days after receiving such notice and statement, deliver, or cause to be delivered, to said contestant, his agent or attorney, a reply thereto in writing."

"*Art. 3044. Service of notice.*—The notice, statement and reply required by the two preceding articles may and shall be served by any person competent to testify, and shall be served by delivering the same to the party for whom they are intended in person, if he can be found in the county, if not found, then upon the agent or attorney of such person, or by leaving the same with some person over the age of sixteen years at the usual place of abode or business of such person."

"*Art. 3152.—By district court.*—In State, District, County, Precinct, or Municipal Offices, the certificate of nomination issued by the President or Chairman of the Nominating Convention or Chairman of the County Executive Committee, shall be subject to review, upon allegations of fraud or illegality, by the District Court of the county in which the contestee resides, or the Judge of said Court in vacation; provided, that such allegations are filed in said Court within ten (10) days after the issuance of said certificate; and when said allegations are so filed, or the appeal from the decision of the executive committee is perfected, the Judge of the District Court shall set same down for hearing, either in term time or vacation, at the earliest practical time; and a copy of said grounds of contest, together with the notice of the date set for hearing, shall be prepared and issued by the District Clerk and be served upon the contestee five (5) days before the hearing said Court or Judge, and the parties to said contest shall have the right to summon witnesses. The said Court or Judge shall determine said contest at the earliest time practical. A certified copy of the judgment of said Court or Judge shall be transmitted by the Clerk thereof to the Officers charged with the duty of providing the official ballot, and the name of the can-

didate in whose favor said judgment shall be rendered shall be printed in the official ballot for the general election."

"*Art. 3153.—Appeal from district court.*—In all contests as provided by the provision of the preceding Article had before the District Court, exercising either its original or appellate jurisdiction, either party may appeal to the Court of Civil Appeals. Such appeal shall be perfected forthwith and shall be advanced on the docket of said Appellate Court and have precedence of all other cases."

 A reading of Article 3152, supra, will clearly disclose that it deals exclusively with contests of primary election nominations. Such statute provides that such contests may be had in the district court. A further reading of such statute discloses that it provides its own mode or method of citation or notice of contest on the contestee. In this regard such statute provides "and a copy of said grounds of contest, together with the notice of the date set for hearing, shall be prepared and issued by the District Clerk and be served upon the *contestee* (emphasis ours) five (5) days before the hearing * * *." The judgment had in the contest proceedings in the district court clearly and affirmatively shows upon its face that notice and service upon contestee was never had as required by the statute under consideration, and since it is not shown nor contended that contestee waived service in any way or made his appearance, we think it must follow that the judgment entered was, and is, absolutely null and void on its face. A contest of a primary election is not an ordinary civil case, but a proceeding political in its nature, and we think that before the district court can acquire jurisdiction to try such a case, citation or notice must be had as required by Article 3152, or the contestee must waive or make his personal appearance. This must be true, because Article 3152 is the only authority for the contest proceedings here involved. It has been held that a judgment of a court of general jurisdiction is subject to collateral attack when the record affirmatively demonstrates that the court did not, in fact, have jurisdiction to act. 25 Texas Jur., p. 869, Sec. 334, and authorities there cited. Certainly no less severe rule should be applied when the court is adjudicating a political action over which it would have no jurisdiction, absent the statute under which it purports to act.

██ As shown on the face of this judgment notice and service in the contest proceedings in the District Court were attempted to be had under the provisions of Article 3044, supra. An examination of that article discloses that it could not possibly

be applied in contests of primary elections. It appears in our Revised Civil Statutes as a part of the chapter relating to contests of general elections, and was passed and became a law long before a statute relating to primary election contests came into existence. By its very terms its application is limited to the contests "required by the two preceding Articles." The two preceding Articles are Articles 3042 and 3043, supra. By the terms of Article 3042 a contestant has thirty days from the day the official result is declared to give notice of his contest. By the terms of Article 3043 the contestant has ten days within which to reply. By the terms of Article 3152, the Article under which this contest was filed, the contestant has ten days from the issuance of the certificate of nomination in which to file his contest, and five days' personal service must be had on the contestee. By the terms of Article 3044 it is provided that service shall be had on the party in person if he can be found in the county, and, if not found, then such service can be had upon the agent or attorney of such person, or by leaving the notice with some person over the age of sixteen years at the usual place of abode or business of such contestee. From the foregoing it is manifest that Article 3044 can have no application whatever to primary election contests. The primary election contest statutes are special as regards such proceedings, and the notice therein provided is exclusive.

■ It may be argued that the service had on Iles ought to be upheld because he intentionally evaded service under Article 3152. Our reply to this is, first, that we are unable to say, from this record, that such was the case, and, second, if such was the case, this Court has no legislative powers, and therefore is without authority to alter, change, or substitute the notice and service prescribed by the Legislature. We grant the proposition that in cases where the contestee cannot be personally served in contests of this kind it would be wise and proper for the Legislature to make some provision for service similar to the service provided by Article 3044, supra, but so far it has not done so.

■ According to the record before us, Iles, on the face of the election returns, received a majority of the votes cast for the nomination here involved. This fact entitles him, as a matter of law, to such nomination, together with all its attendant statutory rights, unless it can and shall be finally adjudged otherwise by some tribunal authorized so to do. Also, this right is a vested property right. If there is a contest of such right in a tribunal of competent jurisdiction, each contest must be com-

pleted before the time comes for posting the names of certified nominees by the county clerk. Thomason v. Seale, 122 Texas 160, 53 S. W. (2d) 764; Sterling v. Ferguson, 122 Texas 122, 53 S. W. (2d) 753; Benavides v. Atkins, this day decided by this Court (This volume, page 1.) Also it is the settled law of this State that whenever the time comes that it is evident that the contest of a nomination cannot be completed in a tribunal of last resort, as provided by law in such cases, in time for the name to be posted as provided by law, the entire contest proceedings become moot and should be dismissed, and matters left in the same condition that would have existed had no contest been instituted. Thomason v. Seale, supra; Sterling v. Ferguson, supra.

In the case at bar, as already shown, the contest proceedings in the District Court of Sabine County stand untried. Under the undisputed record, no final judgment can now be entered in such proceedings which can become effective to adjudge the nomination to either contestant or contestee in time to be of any value to either of them. It follows that such proceedings are now moot. Thomason v. Seale, supra; Sterling v. Ferguson, supra. Since such is the case there is nothing left for the District Judge to do except to dismiss the contest proceedings, and Iles, who received a majority of the votes on the face of the returns, is entitled to be recognized as the lawful nominee for the office here involved.

We here deem it not inappropriate for this Court to call the attention of the Legislature to the condition of our statutes regarding contests of primary elections, and in so doing we will use this election year, 1938, as a standard. It appears that the second primary election this year was held on August 27, 1938. According to law, the general election will be held on November 8, 1938. It thus appears that there are seventy-two days between these two election dates. If the losing candidate desires to contest the result of the August primary, as declared by the executive committee, he may begin such contest either before the executive committee, as provided by Article 3148, or he may begin the same directly in the district court, as provided by Article 3152. If the contest is begun before the executive committee, it may be appealed to the district court, as provided by Article 3151, where it must be tried de novo. In any event, after the case is tried in the district court it may be appealed to the Court of Civil Appeals. Article 3153. As already stated, there are only seventy-two days between the August primary date and the November general election date.

The county clerk is required to order the ballot printed after he has posted the names certified to him for ten days. The absentee vote statutes require the county clerk to have ballots on hand ready for distribution to absentee voters twenty days before the November election. It is thus seen that the time required for posting and absentee voting comprises thirty days. The thirty days taken from the seventy-two days above mentioned leaves only forty-two days. If the contest is begun in the district court, ten days after the issuance of the certificate of nomination are allowed within which to file the contest. Article 3152. This takes off another ten days, leaving only thirty-two days. The executive committee is supposed to meet and declare the result the following Saturday after the election. Article 3124. This would be one week and takes seven days off the thirty-two days, leaving only twenty-five days. After the contest is filed it must be set for hearing, and five days' notice thereof had. This taken from the twenty-five days leaves only twenty days in which to try the case in the district court, enter judgment therein, perfect an appeal therefrom to the Court of Civil Appeals, get the record thereof, including the statement of facts, which is often very voluminous, prepared, approved, and filed in the Court of Civil Appeals, and get the case submitted, argued, and finally decided in that Court. Also, this twenty days allows no extra time for delays which may be, and usually are, unavoidably occasioned in getting service, preparing papers, having ballots printed, and the other many and various things which may happen along the pathway of the various proceedings involved. Also, manifestly less time than this exists when the proceedings are initiated before the executive committee. Of course, if the contest is regarding the July election, one month more is available for final disposition of the case. We call attention to the above conditions as they now exist in our primary election statutes to demonstrate that by providing for an appeal from the district court to the Court of Civil Appeals in such contests the Legislature has well-nigh rendered inoperative such statutes. This is because primary election contests in most instances cannot be finally completed in a tribunal authorized to render final judgment before the time for posting by the county clerk has arrived. We here call attention to the fact that Article 3153, Revised Civil Statutes, allows an appeal to the Court of Civil Appeals from the district court in all primary election contests. Originally, no such appeal was allowed in contests regarding district, county, precinct, or municipal offices. Article 3156, R. C. S. 1911.

This opinion is delivered as of date October 17, 1938. On

that date we ordered judgment entered as follows:

It is ordered by the Court that the following judgment be entered:

1. All relief prayed for herein by the relator against the Court of Civil Appeals at Beaumont, Texas, and the Justices thereof, be and the same is hereby denied.

2. It is further ordered that the District Court of Sabine County, Texas, take no further action in any cause or causes pending in said court regarding this matter, except to dismiss said cause or causes.

3. It is further ordered that mandamus be awarded to relator and against J. O. Wright, County Clerk of Sabine County, Texas, ordering and instructing said clerk to print the name of relator on the official ballot of said county for the general election to be held in said county on November 8, 1938, as the Democratic nominee for the office of County Superintendent of Public Instruction for said county.

4. It is further ordered that this judgment shall be finally effective immediately, and this Court will entertain no motion for rehearing herein.

5. It is further ordered that the mandamus herein awarded be served on J. O. Wright, County Clerk of Sabine County, by telegram.

Judgment rendered October 17, 1938.

Opinion filed October 26, 1938.