**KING et al. v. FITCH.**

No. 11452.

Court of Civil Appeals of Texas.
San Antonio.

July 8, 1944.

Julian La Crosse, of Del Rio, Ben V. King, of Eagle Pass, and Morriss & Morriss, of San Antonio, for appellants.

Phil B. Foster, of Del Rio, for appellee.

PER CURIAM.

The appeal is from an order granting a writ of injunction restraining the Democratic Executive Committee of Maverick County from printing the name of appellant Eula Kennedy, as a candidate for nomination to the office of County Treasurer of said County, upon the ballot to be voted at the general primary election to be held on July 22, 1944.

The writ was sought and granted upon the ground that appellant did not, on or before the Saturday before the fourth Monday in June (June 24th), pay to the County Committee the amount assessed against her as a candidate for said office for her proportion of the estimated expenses for holding said election, provided for in Art. 3108, Vernon's Ann.Civ.Stats.

The record shows that in attempted compliance with the provisions of Art. 3108 the County Chairman, acting for the Committee, on Saturday, June 24th, mailed written notice to appellant advising her, for the first time, of the amount of the assessment against her, and that same should be paid on or before June 26th. As Sunday intervened, appellant did not receive this notice until Monday, June 26th, and immediately thereafter paid the amount of the assessment to the County Chairman, who accepted it, and appellant's name was thereupon ordered placed in the appropriate place on the official ballot, which had been determined in the manner and at the time prescribed by statute. In this connection, the trial judge found as a fact that "A more or less consistent and uniform policy has been pursued during the many years of tenure in office of the County Chairman in accepting the payment of assessments by candidates at any time up to such time as would not interfere with the printing of the official ballots to be used in the election." That custom was followed in this case.

In vacation, on June 27th, appellee filed her petition for temporary injunction restraining the County Chairman from printing appellant's name on the official ballot as a candidate for the nomination for the office, which she had previously and regularly applied for. Temporary restraining order was issued as prayed for on June 27th, and subsequently, on July 1st, upon a hearing after notice, the injunction was granted as prayed for. Eula Kennedy prosecuted the appeal.

It clearly appears from the record that this case is moot, in that no effective relief by way of injunction can be awarded, inasmuch as the time for the taking of certain pre-primary election actions (which are prescribed by statute) by the primary election officials has passed and will pass before a final judgment can be rendered in this case. Sterling v. Ferguson, 122 Tex. 122, 140, 53 S.W.2d 753; Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764; Oliver v. Freeland, Tex.Civ.App., 74 S.W.2d 711. This cause should therefore be dismissed. University Interscholastic League v. Sims, 133 Tex. 605, 131 S.W.2d 94.

Orders dismissing the appeal rather than dismissing the cause have been

entered in certain moot cases, when the effect of such an order was to leave the parties in the position occupied by them prior to the filing of suit. 3 Tex.Jur. 68, § 24, 966 § 681. This type of order (dismissing the appeal) is sometimes entered in cases appealed from interlocutory orders refusing temporary injunctions, where the practical effect of the order is the same as one dismissing the cause insofar as it relates to the temporary injunction. International Ass'n of Machinists, Local Union No. 1488 v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282, 283. Here the trial court's decree awarded a perpetual injunction, and clearly the proper order to be entered by this Court "is one dismissing the case, and not one dismissing the appeal." International Ass'n, etc., v. Federal Ass'n, etc., supra.

Other authorities supporting our position upon the point are: Iles v. Walker, 132 Tex. 6, 120 S.W.2d 418; Taylor v. Nealon, 132 Tex. 60, 120 S.W.2d 586; Continental Pipe Line Co. v. Gandy, Tex.Civ.App., 142 S.W.2d 631; Cisco Independent School District v. Dudley, Tex.Civ.App., 53 S.W. 2d 639.

However, regardless of the question of mootness, we have reached the conclusion that upon the merits of the case the injunction should be dissolved.

The construction of two articles of the Statutes are involved, Arts. 3108 and 3116, Vernon's Ann.Civ.Stats.

Article 3108 makes it the duty of the County Executive Committee of the party to meet on the third Monday in June, preceding the general primary to be held on the fourth Saturday in July and carefully estimate the cost of conducting the primary and apportion such cost among the various candidates and shall, "by resolution, direct the chairman to immediately mail to each person whose name has been requested to be placed on the official ballot a statement of the amount of such expenses so apportioned to him, with the request that he pay the same to the county chairman on or before the Saturday before the fourth Monday in June thereafter."

Article 3116 provides that "No person's name shall be placed on the ballot of a district, county or precinct office who has not paid to the county executive committee, the amount of the estimated expense of holding such primary apportioned to him by the county executive committee as hereinbefore provided."

■ The Democratic Executive Committee of Maverick County informally complied with the provisions of Article 3108, with the exception that the County Chairman did not immediately mail to each candidate a statement of the amount of such expenses so apportioned to him, with the request that he pay the same on or before Saturday, June 24, 1944. All candidates, however, learned of their assessments and paid the same on or before that date, except appellant Eula Kennedy and one other. On Saturday, June 24th, the County Chairman discovered that Eula Kennedy had not been notified of her assessment and mailed her a notice stating the amount, and requiring her to pay the same by not later than June 26th, which she did.

The contention here presented is that she should not now have her name printed on the official ballot, because she did not pay her assessment on or before June 24th. We do not agree with this contention. In the first place, she was entitled to a timely notice, which was not sent her, and, in the second place, Article 3116 only provides that the name of no candidate shall be placed upon the ballot who has not paid his assessment, but does not fix a dead-line for such payment. It is contended that the expression found in Article 3116, "as hereinbefore provided," refers to the payment of such assessment on Saturday before the fourth Monday in June, but it occurs to us that such phrase may be more properly referred to the manner of estimating the assessment.

■ Before we would be justified in holding that Article 3116 should be construed as meaning that no candidate who did not pay his assessment on or before Saturday before the fourth Monday in June could have his name placed upon the ballot, such meaning would have to be clearly expressed. Such a construction would give to this article a very highly penal effect. Penal statutes are construed strictly and not liberally. It is plain that the Legislature did intend that candidates should pay their assessments on or before the Saturday before the fourth Monday in June preceding a primary election in July, but it is equally clear that the Legislature has not prescribed the drastic penalty urged by appellee for the failure to do so. There is

no mandatory provision of these two articles which provides that such assessment must be paid on or before the Saturday before the fourth Monday in June, and we conclude that it was within the proper discretion of the County Chairman to accept this payment from Eula Kennedy on Monday, June 26th, and especially so where he had failed to send her a timely notice concerning her assessment, as provided for in Art. 3108.

The injunction is dissolved and the cause dismissed. This order is effective at once.