**AUSTIN et al. v. CITY OF ALICE et al.**
No. 11621.

Court of Civil Appeals of Texas.
San Antonio.

March 16, 1946.

Rehearing Denied March 11, 1946.

Perkins & Floyd, of Alice, for appellants.

Robert Lee Bobbitt, J. Franklin Spears, and Adrian A. Spears, all of San Antonio, and Lon D. Herbert, of Alice, for appellees.

PER CURIAM.

This suit was instituted in the District Court of Jim Wells County against the City of Alice, a municipal corporation of Jim Wells County, B. O. Goldthorn, individually and as Mayor of the City of Alice, E. G. Lloyd, Jr., and Bruce Ainsworth, individually and as Commissioners of said City, and P. S. Anderson as City Secretary, seeking a mandamus requiring the respondents to cause the names of relators, Sterling Austin, Percy Beck and W. R. Tidwell, to be printed upon the official ballot for the City Election of said City, to be held on April 2, 1946, as candidates for the offices of Mayor and City Commissioners, respectively. The petition for the candidate for Mayor was signed by 207 voters of the City of Alice, and the petition for each of the candidates for Commissioner was signed by 204 of such voters. These petitions were tendered to the City Clerk of Alice on Monday, March 4, 1946, whereupon the Clerk refused to file the same. A meeting of the City Commission was called at once and the action of the City Clerk upheld.

The trial court sustained special exceptions to relators' petition and entered a judgment dismissing the cause, from which judgment the relators have prosecuted this appeal. Relators have also tendered a petition here seeking the issuance of the original writ of mandamus out of this Court, together with a motion for leave to file such petition. The record was filed in this Court on March 9, 1946, and set at once for submission, on March 11, 1946, at which time all matters involved were submitted to this Court.

We are of the opinion that the City Commission of the City of Alice properly refused to receive and consider the petitions tendered to it on behalf of relators, as they were tendered too late.

We are of the opinion that when all the pertinent provisions of the election laws of this State (Title 50, R.C.S. Vernon's Ann.Civ.St. art. 2923 et seq.) are considered and construed together, the law requires that petitions of voters seeking to have the names of persons printed upon the official ballot in a city election as candidates for any city office, must file such petitions with the city clerk not later than thirty days before the date set for the election.

Art. 2923 states:

"The provisions of this title (Title 50) shall apply to all elections held in this State, except as otherwise provided."

Art. 2997 states:

"* * * In all elections in incorporated cities, towns and villages, the mayor, the city clerk, or the governing body shall do and perform each act in other elections required to be done and performed respectively by the county judge, the county clerk, or the commissioners' court."

Art. 2931 states:

"All provisions of this title (Title 50) which prescribe qualifications for voting and which regulate the holding of elections shall apply to elections in cities and towns. * * *"

Thus it becomes our duty to apply all provisions of Title 50, where pertinent, to elections in cities and towns, whether cities and towns or officials of cities and towns are mentioned in such provisions or not.

It is clear from the statutes that the names of candidates must be posted or published ten days before the printing of official ballots, which must be printed twenty days before election day, in time for absentee voting, thus requiring that the names of candidates be filed with the clerk thirty days before election day.

Art. 3129 provides that the county clerk shall cause the names of the candidates who have received the necessary votes to nominate, as directed by the county executive committee, for each office, to be published in some newspaper published in the county, and if none, then he shall post a list of such names in at least five public places in the county, one of which shall be upon the court house door.

Article 3132 provides:

"Each county clerk shall post in a conspicuous place in his office, for the inspection of the public, the names of all candidates that have been lawfully certified to him to be printed on the official ballot, for at least ten days before he orders the same

to be printed on said ballot; and he shall order all the names of the candidates so certified printed on the official ballot as otherwise provided in this title."

■ Thus there can be no doubt as to the duty of the city clerk in city elections to post a list of the names of all candidates certified to him and whose names are to be printed on the official ballot for at least ten days before the ballots are to be printed.

Under the provisions of Art. 2956 (Vernon's Ann.Civ.St. art. 2956) absentee voting starts twenty days before election day, and absentee voting applies to city and town elections. Arts. 2923, 2931; Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W. 2d 4.

Each voter who desires to cast an absentee vote and who expects to be absent on the day of holding the election is entitled to an official ballot. Art. 2956. Thus it becomes the duty of the clerk to have the official ballots printed not later than twenty days before election day. Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764, 765.

■ It is the mandatory duty of the city clerk to comply with these several pre-election processes. Cummins v. Democratic Executive Committee, Tex.Civ.App., 97 S.W.2d 368, 369; Taylor v. Nealson, 132 Tex. 60, 120 S.W.2d 586.

■ There are other articles of the statute which have some bearing on this question. Art. 3102 provides, in effect, that nominations for party candidates shall be made not less than ten days prior to the election. The absentee voting law, Art. 2956, was enacted subsequent to the above provision. The Supreme Court properly held, in Skelton v. Yates, 131 Tex. 620, 119 S.W.2d 91, that when absentee voting begins the election is in progress. Thus construing the two statutes together and giving meaning to each, the above provision of Art. 3102 must be construed as meaning that nominations are required to be filed with the city clerk ten days before absentee voting begins. This article applies to nonpartisan or independent candidates, because Art. 2978, in effect, provides that no name shall appear on the official ballot except that of a candidate who was actually nominated. The petition signed by the required number of voters is the certificate of nomination of an independent candidate, and is the nomination which Art. 3102 requires to be filed with the city clerk ten days before the voting starts.

Our attention has been called to the provisions of Art. 3159, which are in effect that non-partisan or independent candidates may have their names printed on the official ballot by filing their petitions, signed by voters, etc., within thirty days after primary election day. Since the enactment of this statute, there have been enacted statutes providing for run-off primaries, and if the run-off primary day be taken as the day referred to in Art. 3159, non-partisan and independent candidates would be required to file their petitions with the clerk more than thirty days before election day. It is difficult to apply the provisions of Art. 3159 in the case at bar because no primaries were held and there is no day that can be fixed as "primary day."

From a reading of all the above articles of our statutes, we feel that the Legislature has clearly shown a policy providing that all nominations of candidates for city or town elections, whether party nominees or otherwise, shall be filed with the city clerk at least thirty days before the day set for such city or town election. We therefore conclude that the trial court properly dismissed this cause because the petition showed on its face that the nominations of the independent candidates who are appellants here, were not tendered to the city clerk of Alice thirty days prior to election day.

■ Appellants contend that the statutes do not prescribe any time for the filing of petitions to have the names of independent candidates printed upon the ballot, and that therefore only a reasonable time before election day is required. If this contention be true then we hold, as a matter of law, that in view of all the various provisions of the statutes, which are above discussed, it cannot be said that a period of time less than thirty days is a reasonable time.

■ In addition to what has been said above, it also appears that this case is moot. 3 Tex.Jur. 69, § 25. As above pointed out, the election here involved begins on March 13, 1946, the day upon which absentee voting commences. This appeal is predicated upon the dismissal of appellants' suit after a number of special exceptions to the petition had been sustained. Should it be assumed that the trial court erred in sustaining each and every

exception urged by appellees, the judgment of this Court would necessarily be one reversing the order of dismissal appealed from and remanding the cause to the court below for trial upon the merits. Appellees' answer in the trial court contained a denial of the allegations of the petition and upon a hearing of the merits it would be necessary for appellants to prove by lawful evidence that the names of the legally qualified voters appearing upon their nomination petitions were equal to five per cent of the number of votes cast in the City of Alice in the last general election. Article 3162, Vernon's Ann.Civ. Stats.; Greenwood v. City of El Paso, Tex.Civ.App., 186 S.W.2d 1015.

We think it obvious that the mandate of this Court can not be filed in the trial court (in the event of a reversal of the order appealed from), a trial had upon the merits, and a judgment rendered thereon, prior to the time that absentee balloting begins in accordance with our election statutes. If all these actions could possibly take place, an appeal from such judgment could be taken to this Court, and thus the entire proceedings rendered ineffectual. In King v. Fitch, Tex.Civ.App., 181 S.W. 2d 926, 927, this Court said:

"It clearly appears from the record that this case is moot, in that no effective relief by way of injunction can be awarded, inasmuch as the time for the taking of certain pre-primary election actions (which are prescribed by statute) by the primary election officials has passed and will pass before a final judgment can be rendered in this case. Sterling v. Ferguson, 122 Tex. 122, 140, 53 S.W.2d 753; Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764; Oliver v. Freeland, Tex.Civ.App., 74 S.W.2d 711. This cause should therefore be dismissed. University Interscholastic League v. Sims, 133 Tex. 605, 131 S.W.2d 94."

While King v. Fitch related to a primary election, the rule therein stated is applicable to and controlling of the present case.

■ It is suggested that this Court may and should issue a writ of mandamus to the governing officials of the City of Alice, commanding them to receive and file appellants' nomination petitions in the exercise of an asserted right of this Court to issue an original writ of mandamus. In support of this suggestion we are referred to Article 1735a, Vernon's Ann.Civ.Stats.

Laying aside all questions of the applicability of the cited article to the situation here involved, there is one compelling reason why an original mandamus can not issue. This Court and no other court is authorized to direct that the governing officials of the City of Alice accept and file appellants' nominating petition, unless said petitions in truth and in fact contain the signatures of the requisite number of legally qualified voters prescribed by statute. Fact issues are involved which this Court is wholly unable to determine from the record before us, as no evidence has as yet been adduced in this case.

It is also urged that this Court may order the nominating petitions or appellants filed; their names printed upon the official ballot and then, after the election, if need be, it can be determined whether or not appellants did have a legal right to have their names placed upon the ballot used in the election. It is further suggested that, should it be determined that appellants had no legal right to have their names placed on the ballot, then all votes cast in their favor would not be counted.

■ It seems a sufficient answer to these suggestions to point out that such an election would not be an election in accordance with the statutes enacted by the legislative branch of our government, and that the promulgation of rules and regulations relating to how and when popular elections are held is a legislative and not a judicial function.

As this cause is moot it is accordingly dismissed.