AHLREP v. JAMES A. DICK CO.  (No. 505.)

(Court of Civil Appeals of Texas. El Paso. Dec. 9, 1915. Rehearing Denied Jan. 6, 1916.)

APPEAL AND ERROR  934 — STATEMENT OF FACTS—NECESSITY—PRESUMPTIONS.

In an action to recover a balance due on an account, there was no statement of facts in the record, but in the clerk's transcript appeared an itemized account showing a balance of $391.-59, due by a person other than defendant. This account was not verified as required by statute. *Held* that, in the absence of a statement of facts, it must be assumed that there was other sufficient evidence to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3782; Dec. Dig.  934.]

Error from Brewster County Court; A. M. Turney, Judge.

Action by the James A. Dick Company against George Ahlrep. There was judgment for plaintiff, and defendant brings error. Affirmed.

J. D. Martin, Jr., of Alpine, for plaintiff in error. J. C. Brooke, of Alpine, for defendant in error.

HIGGINS, J. Defendant in error sued plaintiff in error to recover a balance alleged to be due upon the purchase price of goods, wares, and merchandise sold and delivered. Defendant made default. The judgment entered recites that after hearing the evidence, the court found that defendant was indebted

to plaintiff in sum of $391.59, less a credit of $100, "evidenced by account duly itemized, verified, and on file in this cause." Judgment was entered for said amount.

There is no statement of facts in the record, but in the clerk's transcript appears an itemized account, showing a balance of $391.-59, due by Daisy Baking Company to defendant in error for goods, wares, and merchandise. This account is verified by an affidavit not in compliance with article 3712, Revised Statutes. It is assigned as error that the court erred in rendering judgment upon the account sued upon because the only evidence offered in support thereof was the account above mentioned; and (1) the affidavit thereto was insufficient; and (2) the account was against the Daisy Baking Company and not against plaintiff in error.

In the absence of a statement of facts, it must be presumed that there was competent and sufficient evidence offered upon the trial to support the judgment rendered. There is nothing whatever to affirmatively show that the account appearing in the clerk's transcript against the Daisy Baking Company is the itemized, verified account referred to in the judgment, as the basis of the court's finding against plaintiff in error.

It can only be surmised that it is so. We cannot reverse a judgment upon a mere surmise that it was rendered upon incompetent or insufficient evidence.

Affirmed.