**MORRIS v. MIMS, Secretary of State, et al.
(No. 6359.)**

(Court of Civil Appeals of Texas.  Austin.
Oct. 8, 1920.)

I. Elections ⬳22—Laws excluding nominees
of new parties from ballot would be uncon-
stitutional.

Though the Legislature may make reason-
able regulations as to nominations, it cannot
forbid nominations, either by a new party or
an old one, or exclude the names of nominees
from the official ballot, so that election laws
which exclude from the official ballot the names
of nominees of a newly formed party would be
unconstitutional.

2. Elections ⬳123—Nominations by conven-
tion of new party are valid.

Though Rev. St. arts. 3159–3161, 3163, pro-
vide only for nominations by parties which cast
more than 10,000 votes at the last election,
article 3174 recognizes that new party nomi-
nees may appear on the official ballot, and such
party may make its nominations by any rea-
sonable method not prohibited by law, including
nominating conventions held in the manner pre-
scribed for parties which cast between 10,000
and 100,000 votes at the last election.

Appeal from District Court, Travis Coun-
ty; Ireland Graves, Judge.

Suit for injunction by A. T. Morris against
C. D. Mims, as Secretary of State, and others.
From a judgment sustaining demurrer to
the petition, and refusing the temporary in-
junction prayed, plaintiff appeals.  Affirmed.

Page & Jones, of, Bastrop, and Black &
Smedley, of Austin, for appellant.

C. M. Cureton, Atty. Gen., and C. L. Stone
and E. F. Smith, Asst. Attys. Gen., for ap-
pellee Mims.

J. H. Burr, of Houston, A. L. Love, of
Eastland, and White, Cartledge & Wilcox, of
Austin, for other respondents.

PER CURIAM.  This suit was brought to
restrain the appellee secretary of state from
certifying the names of the nominees of the
American party to the election officers of the
various counties of this state.  The trial court
sustained a general demurrer to appellant's
petition, and refused to grant a temporary in-
junction.  From this action of the court the
appellant has prosecuted this appeal.

For the purpose of this appeal, the admit-
ted facts and conclusions of law as appear
from the pleadings are:

(1) The appellee C. D. Mims is the duly
appointed, qualified, and acting secretary
of state of the state of Texas.

(2) That it is his duty to certify to the
proper election officers of the various coun-
ties in this state the names of persons legally
nominated for state officers in this state.

(3) That it is the duty of such election
officers to place on the official ballot as nom-
inees the names of all persons certified by the
secretary of state as having been legally
nominated for such offices.

(4) That the names of the candidates of
the American party will be placed upon the
official ballot to be used in the general elec-
tion in this state November 2, 1920, if the
same be certified by the secretary of state
as having been legally nominated, but not
otherwise.

(5) That unless restrained by an order of
court the secretary of state will certify to
the proper election officers the names of the
parties mentioned in appellant's petition as
having been legally nominated as candidates
of the American party for the respective of-
fices therein alleged.

(6) That appellant is a citizen of this state,
a resident taxpayer of Bastrop county, and
the legally nominated democratic candidate
for justice of the peace for precinct No. 1
in said county.

If the appellant may maintain this suit as
a taxpayer of Bastrop county, he is prob-
ably entitled to the relief sought only as
applicable to Bastrop county; but, as we do
not think that certification of the nominees
of the American party by the appellee is il-
legal, we do not deem it necessary to de-
cide as to the right of appellant to maintain
this suit.

The contention of appellant herein, that
no new party can have the names of its nom-
inees placed upon the official ballot, is in
effect that no new party can ever be organ-
ized in this state.  No ballot except the of-
ficial ballot can be cast at any general elec-
tion in this state.  It is idle to say that
a new party may be organized, but it shall
not be allowed to present its claims to the
voters.  If such is the law, if slang may be
excused, it may truly be said that all new
parties "would die a bornin'."

Ours is a government by the people.  Prac-
tically it is a government by political parties,
for it is only by voting for or against the
nominees of political parties that the people
are able to express their will as to how and
by whom the offices of government shall be
conducted.  The fact that one may have his
name placed upon the official ballot as an in-
dependent candidate does not materially af-
fect this statement.

[1] If appellant's contention as to the prop-
er construction of our election laws is cor-
rect, we believe that they are unconstitu-
tional, in so far as they prevent a new party
from having the names of its nominees, as
such, placed upon the official ballot.  But we
do not believe that such construction is cor-

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rect. The Legislature may make reasonable regulations as to how nominations may be made, but it cannot prohibit such nominations, whether by a new party or an old one (Gilmore v. Waples, 108 Tex. 167, 188 S. W. 1039) ; and it cannot nullify the effect of such nominations, when legally made, by prohibiting the printing of the names of such nominees upon the official ballot, the same being the only ballot that can be legally voted.

Our election laws provide for the nomination of candidates by political parties whose candidate for Governor received as many as 100,000 votes at the last preceding general election, and also for the nomination of candidates by political parties whose candidate for Governor received, at the last preceding general election, more than 10,000 and less than 100,000 votes. The first must be by a primary election held in the manner prescribed. The second may be by primary election, or by nominating convention, at the option of such party. If such party elects to make its nominations by party convention, it is required to notify the secretary of state of such fact, and thereafter to hold its convention at the time and in the manner prescribed by statute. R. S. arts. 3159, 3160, 3161. Article 3162, in so far as relates to such nomination, reads as follows:

"All nominations so made by a state * * * convention shall be certified by the chairman of the state * * * committee of such party to the secretary of state."

There are no other provisions of our statute relative as to how nominations shall be made by party conventions, except article 3163, which provides that persons participating in such party primary convention shall have paid their poll tax, and shall not have participated in the convention or primary of any other party held on the same day.

It is admitted that the American party complied with all of the provisions of the statute, with reference to nominating candidates by party convention, prescribed for such nominations by a party whose candidate for Governor received more than 10,000 and less than 100,000 votes at the next preceding general election in this state. But it is said that the American party is not such a party. It being a new party, and having had no candidate for any office at the next preceding general election, this is necessarily true.

[2] That it was not the purpose of the Legislature to prohibit the organization of new parties, but that it anticipated that the same might be legally formed and have the names of its nominees printed on the official ballot, is evidenced by article 3174 of the Revised Statutes, the same being a part of the general election law of this state, passed by the same Legislature and at the same time as the other parts of the election law hereinbefore referred to. The amendments to the general election law passed in 1905 (Act 29th Leg. [1st Called Sess.] c. 11) are immaterial, for the purposes of this decision. Article 3174 reads as follows:

"No new political party shall assume the name of any pre-existing party; and the party name printed on the official ballot shall not consist of more than three words." Acts 1905, c. 11, § 101.

The statute prescribes no method by which a new party may make nominations. Such being the case, a new party has the right to pursue any reasonable method in making its nominations, not prohibited by law. As the American party pursued one of the methods prescribed by statute for making nominations by pre-existing parties, we hold that such method was reasonable, and, as there is no law forbidding it to pursue such method, we hold that its nominations of the candidates named in the petition herein were legally made. The same having been properly certified to the secretary of state, it is his duty to certify the names of such candidates to the proper election officers, whose duty it will be to print or cause to be printed the names of such candidates on the official ballots as the nominees of the American party.

For the reasons stated, we affirm the judgment of the trial court herein.

Affirmed.