**C. L. (Babe) McIVER, Appellant,**

**v.**

**Edison STARKEY, Appellee.**

**No. 3610.**

Court of Civil Appeals of Texas.
Waco.

Oct. 6, 1958.

Carl Cannon, Groesbeck, Bowlen Bond, Teague, for appellant.

B. R. Reeves, Palestine, Joe J. Newman, Houston, for appellee.

TIREY, Justice.

This is an election contest. The contestant went to trial on his Third Amended Original Petition, and pertinent to this discussion he alleged that he and the contestee were candidates for County Judge of Leon County, Texas, in the Second Primary election of the Democratic Party, held on August 23, 1958; that their names were regularly placed upon the official ballot of said election for such office; and after said primary election was held, the Democratic Executive Committee met in executive session and canvassed the returns of said elec-

tion as required by law, and that as a result of such canvass the Chairman of the County Democratic Executive Committee certified to the County Clerk that contestee received 1,566 votes and contestant received 1,564 votes for the office of County Judge, and that contestee had received a majority of the votes for said office, and was by said Executive Committee certified as the Democratic nominee for the office of County Judge of Leon County. Contestant further alleged that neither contestant nor contestee received a legal and valid ballot in said Second Primary election for the reason that each and all of the official ballots cast in said election did not contain the loyalty pledge, to-wit: "I am a Democrat and pledge myself to support the nominee of this primary;" and by reason of such ballots not containing the above pledge, each and all of the ballots cast and counted for contestant and contestee were void and cannot be counted for either contestant or contestee. Contestant prayed: " * * * that upon a hearing hereof, the court declare the election void, and that neither contestant nor contestee received any valid votes for such office, and direct the proper officials to order another election in accordance with law," and further prayed that the certificate of the County Democratic Executive Committee declaring the contestee the nominee as County Judge of Leon County be cancelled and contestant be declared the Democratic nominee for County Judge of Leon County, and that the findings of this court be certified to the proper officers charged with the duty of providing the official ballot for the General Election for his or their observance in the preparation of the ballot for the Democratic Party.

Pertinent to this discussion appellee specially excepted to the allegation that the ballots did not contain the loyalty pledge as provided in Art. 13.11 of our Election Code, V.A.T.S., and averred that the contestant did not have a justiciable interest in such matter as would entitle him to raise the issue of the invalidity of the ballots cast for the contestee and contestant because of the failure of the ballots to contain such loyalty pledge.

The court directed the parties to tender testimony on the foregoing exception, and in the judgment we find this recital:

" * * * and the Court, after hearing said testimony of the witnesses * * * and after the attorneys for the parties hereto did state in open Court that for the purposes of said special exception all parties to said suit agreed that no ballot voted in said second primary election in Leon County, Texas, had thereon the loyalty pledge, but that all ballots were as the two introduced in evidence * * * is of the opinion that a ballot which does not contain the loyalty pledge as provided for in Article 13.11 is void and cannot be counted. And the Contestant having pleaded and admitted in open Court that no ballot voted in this said primary election contained said loyalty pledge, then the Court is of the further opinion that the Contestant has shown that he has no justiciable interest in this cause, and that said contest should be dismissed from the docket of this Court and Contestee certified as the nominee of the party * * *."

The Court then decreed that contestant's cause of action be dismissed, and declared that Edison Starkey, contestee, was the duly elected nominee for the office of County Judge of Leon County, and the decree further ordered that the Chairman of the Democratic Executive Committee of Leon County certify such fact to the County Clerk of Leon County, Texas, and the County Clerk ordered to post the name of Edison Starkey as the duly elected nominee for the office of County Judge of Leon County, Texas, and further ordered the County Clerk to take all steps necessary to place the name of Edison Starkey as the Democratic nominee for the office of County Judge of Leon County, Texas, on the General Election ballot for the general election to be held in Leon County, Texas, on the 4th of Novem-

ber, 1958. The contestant duly excepted to this judgment and gave notice of appeal to this court and has duly perfected his appeal.

The judgment is assailed on two points. They are substantially that the court erred (1) in decreeing appellant had no justiciable interest in the suit; and (2) in decreeing that the contestee be declared the duly elected Democratic nominee for the office of County Judge of Leon County and in ordering his name certified to the County Clerk by the Chairman of the Executive Committee. We overrule the foregoing contentions for the following reasons:

Our Supreme Court, in Iles v. Walker, 132 Tex. 6, 120 S.W.2d 418, 422, speaking through Justice Critz, said: "According to the record before us, Iles, on the face of the election returns, received a majority of the votes cast for the nomination here involved. This fact entitles him, as a matter of law, to such nomination, together with all its attendant statutory rights, unless it can and shall be finally adjudged otherwise by some tribunal authorized so to do. Also, this right is a vested property right."

In the case at bar, the contestee received a majority of the votes cast and he received a certificate to such effect, according to contestant's pleading.

In Pena v. Montalvo, Tex.Civ.App.1950, 233 S.W.2d 162, 163 (see also cases there cited), our San Antonio Court had before it an election contest wherein the contestant sought to set aside the effect of a nomination on the ground that the contestee who had received the nomination did not reside in the precinct where the election took place, and by reason thereof the contestee, the holder of the certificate, was ineligible to hold the office of County Commissioner of that precinct. Contestant in that case also, by his allegations, concedes, in effect, that he did not receive a majority of the votes cast in the election and by reason thereof he could not be declared the nominee. *We think that such situation is analogous here because contestant alleges that none of the votes cast were legal and by reason thereof he could not be entitled to the nomination.* The San Antonio Court, in discussing the question, said:

"However, appellant, while now conceding that he cannot be declared the nominee of the party for this office, asks that his opponent be adjudged not to be the nominee because he does not reside in said Precinct No. 4. Appellant cannot maintain this suit for that purpose, because he does not have a justiciable interest in the subject matter of the suit which is different from the interest of the general public. Appellant contends that if the nomination of appellee should be declared void and his name ordered not to be printed upon the official ballot in the General Election, he would then be able to run for the office as a write-in candidate, without the handicap of having appellee's name printed upon the ballot, and that this fact gives him a justiciable interest in the lawsuit which is different from the interest of the public at large. We cannot agree with this contention. The privilege that he would have of running as a write-in candidate would be a privilege which any other qualified voter residing in Precinct No. 4 of Starr County would have."

In 1951 our Supreme Court, in State ex rel. Lukovich v. Johnston, 150 Tex. 174, 238 S.W.2d 957, 958, had before it a quo warranto proceeding, by which appellant sought to recover from appellee the office of Fire Commissioner of the City of Galveston. The foregoing case, although a quo warranto proceeding, had in it a vital question of the illegality of certain votes cast in the election. In the opinion we find this significant language: "A quo warranto proceeding is said to be akin to a suit in trespass to try title, because in the former the plaintiff may show 'as a muniment of title that he was duly chosen to the office by the people', whereas in the latter he shows 'that he derived the right to his property by a just and legitimate chain of title' * * *.

That this means he must rely on the strength of his title to the office rather than on the weakness of defendant's claim to it is made clear in Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W.2d 4, 121 A.L.R. 931, wherein it is held that in such a proceeding (1) the burden is on the plaintiff to prove that he got a majority (or plurality) of the legal votes cast; and (2) *if he fails in this, the judgment must be for defendant even though all votes cast were void.* And see State ex rel. Stevens v. Black, Tex.Civ. App., 14 S.W.2d 72."

The language just above italicized is of much significance.

Going back to the Pena case, it is clear that the San Antonio Court grounded its decision on the view that Pena did not have a justiciable interest in the subject matter of the suit which is different from the interest of the general public. The quotation from the opinion, we think, makes this very clear.

Our view of the judgment rendered by the trial court in this cause is in accord with the foregoing holding.

It is true that the opinion by the San Antonio Court was written in October 1950, and the opinion in the Johnston case by the Supreme Court in April 1951, and it is also true that our Election Code under which we are now operating is a part of Acts of 1951, 52nd Legislature, p. 1097, chapter 472. Article 13.11 of the Code, aforesaid, which is Sec. 189 of the original act, is copied in the code verbatim. We quote this section:

"No official ballot for primary election shall have on it any symbol or devise or any printed matter, except a uniform primary test, reading as follows: 'I am a ——— (inserting name of political party or organization of which the voter is a member) and pledge myself to support the nominee of this primary'; and any ballot which shall not contain such printed test above the names of the candidates thereon, shall be void and shall not be counted."

Before the adoption of the Code, the foregoing article was Art. 13.10, and there is no change.

In Texas Employers Ins. Ass'n v. Holmes, 145 Tex. 158, 196 S.W.2d 390, point at page 395, we find this pronouncement: "Where a statute which has been construed, either by a court of last resort or by executive officers, is re-enacted without any substantial change of verbiage, it will continue to receive the same construction." We think the foregoing rule has great significance in the application of the rule of law applicable to this factual situation.

In 39 Tex.Jur., Statutes, Sec. 41, page 266, we find this statement of the rule: "Where a statute which has been construed, either by a court of last resort or by executive officers, is re-enacted without any substantial change of verbiage, it will continue to receive the same construction. This settled rule applies whether the old act is merely amended or is incorporated in a revision; and it applies with particular force in the construction of a statute which has been repeatedly re-enacted without change." See also Kerens Nat. Bank v. Stockton, 120 Tex. 546, 40 S.W.2d 7, 77 A.L.R. 362; Texas Fidelity & Bonding Co. v. City of Austin, 112 Tex. 229, 246 S.W. 1026; Citizens National Bank v. Texas Compress Co., Tex. Civ.App., 294 S.W. 331 (writ ref.). The above rule of construction is binding upon us.

This court appreciates the fact that this contest presents a most unusual situation, and neither appellant nor appellee has cited us to any case that presents the exact factual situation which is before us and we have been unable to find one; but since it is without dispute that each of the ballots cast for appellant and appellee was void as a matter of law, appellant could not be certified as the nominee of the party, and in the coming election appellant stands in no better position than any other qualified voter in Leon County, and therefore does not have a justiciable interest in the subject matter of this suit under the express ruling in the

Pena case, supra, which has, as we have said, the express and unqualified approval of our Supreme Court.

Under the foregoing interpretation of our Election Law by our Supreme Court, the trial court had the duty of holding that appellant had no justiciable interest, and it was his further duty to dismiss appellant's suit, and his action in so doing must be affirmed by this court. Accordingly, it is affirmed.

Because it is necessary for the official ballot in the forthcoming General Election to be printed and made available to absentee voters on the morning of October 15, 1958, the above order of this court affirming the judgment of the trial court will become final when entered, and no motion for rehearing in the cause will be permitted.

HALE, J., took no part in the consideration and disposition of this case.