

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**          September 26, 1960

Honorable Zollie Steakley          Opinion No. WW-944
Secretary of State
Austin, Texas                      Re: Whether nominations
                                       made by the county
                                       convention of a
                                       political party which
                                       is not required to
                                       hold primary elections
                                       should be certified to
                                       the Secretary of State
                                       or to the county clerk.

Dear Mr. Steakley:

Your request for an opinion reads as follows:

"The Constitution Party has tendered to this office the certificate of the Harris County Chairman of the Party listing the candidates of said party for certain county offices in Harris County. The certificate was tendered for the purpose of certification by this office to the County Clerk of Harris County of such candidates for a place on the general election ballot in Harris County.

"The Chairman stated in connection with his tender of the certificate that the County Clerk of Harris County has refused to accept such certificate directly to the county clerk and has taken the position that it is the responsibility of the Secretary of State to certify these candidates for county office under Article 13.48 of the Texas Election Code.

"Please advise immediately whether or not it is the duty of this office to accept the certificate described above, and to certify the candidates for county office shown therein to the County Clerk of Harris County for the general election ballot, or if it is the legal duty of the County Clerk of Harris County to accept such a certificate tendered to him."

Article 13.46 of the Election Code provides that the state committee of a political party which is not required to make nomination by a primary election shall decide whether the party will nominate state, district and county officers by convention or by primary elections, and shall certify their decision to the Secretary of State. If nominations are to be made by convention, the nominations for county offices are made by the county conventions held in accordance with Article 13.47.

Article 13.48 provides for certification of the party's nominees in the following language:

"All nominations so made by a State or district convention shall be certified by the chairman of the State or district committee of such party to the Secretary of State and a nomination made by a county convention, by the chairman of the county committee."

This statute as first enacted in 1905 as part of the Terrell Election Law (Acts 29th Leg., 1st C.S., Ch. 11, Sec. 99), read as follows:

"All nominations so made by a State or district conventions shall be certified by the chairman of the State or district committees of such parties to the Secretary of State, and nominations made by county conventions by the chairman of the county committee."

It was carried forward into the Revisions of 1911 and 1925 exactly in its present form, except that in these revisions there was a comma after "Secretary of State".

The State Executive Committee of the Constitution Party, which comes within these statutes, decided that the party's nominations for the 1960 general election were to be made by convention and certified the decision to the Secretary of State as required by Article 13.46.

Unquestionably, a party which has complied with Articles 13.46 and 13.47 is entitled to certify its nominees to some officer of the State, and the nominees are entitled to have their names placed on the ballot upon certification by the county chairman in proper form. Uncertainty of the State's administrative officers as to which of them has authority to accept the certificate should not defeat the right of the candidates to appear on the ballot.

A reading of Article 13.48 reveals immediately that it does not clearly state to whom the nominations made by a county convention are to be certified. It is susceptible of two constructions. The first is that the statute fails to designate any officer to receive the certificate. The second is that the designation of the Secretary of State in the first clause should be read into the last clause; that is, that a nomination by a county convention shall be certified to the same officer by the chairman of the county committee.

We have not found any court decision resolving this question of construction. Couch v. Hill, 10 S.W.2d 170 (Tex. Civ.App. 1928, error dism.), and Pulliam v. Trawalter, 120 S.W.2d 108 (Tex.Civ.App. 1938), are the only cases we have found involving a certification of a nomination made by a county convention which was governed by Article 13.48. In the Couch case, the certification had been made directly to the county clerk. In Pulliam v. Trawalter, the opinion does not disclose whether the certification had been made directly to the county clerk, but you have informed us that the records of your office do not show that the certificate passed through the Secretary of State's office. The question of whether the certificate had been submitted to the proper officer was not before the court in either of these cases, and the question was not raised or discussed in either opinion.

The question also has not been previously ruled on by the Attorney General's office. Attorney General's Opinion V-1529 (1952) considered the county clerk's authority to pass on the validity of nominations which had been made by a county convention and certified directly to him by the county chairman, but the question of whether the nominees should originally have been certified to some other officer was not involved in the request. That opinion was written by the writer of the present opinion. For reasons similar to those to be developed in the present opinion, it was thought that certification directly to the county clerk would not be fatal to his authority to place the names of the nominees on the ballot and that it was therefore unnecessary for this office to raise and discuss the propriety of the direct certification when it had not been raised in the opinion request.

Since the courts have not ruled on your authority to accept certifications of nominations made by county conventions, your request makes it necessary to review the arguments which can be advanced in support of the two possible constructions and to advise you on what course you should take in the present situation.

In opposition to the construction that the statute designates the Secretary of State as the officer to receive the certificate, it could be argued that certification of county nominations to the Secretary of State is incongruous with other provisions of the Election Code and there appears to be no reason why the Legislature should have intended to deviate from the pattern for requiring certification of county nominations to a county officer. In all other instances, the certification is either to the county clerk or to the county judge. Certification of county nominations in primary elections is made to the county clerk. Art. 13.25. A substitute nomination to fill a vacancy in a nomination is certified to the county judge. Art. 13.56. Nominations by parties without state organization, whether made by primary election or by convention, are certified to the county clerk. Art. 13.54. Applications of independent candidates are filed with the county judge. Art. 13.53. It is a settled rule of construction that a statute is to be construed in conjunction with other statutes in pari materia, and this rule of construction lends support to the argument that the Legislature did not intend to route these county nominations through the Secretary of State.

A possible argument in refutation of the contention that there would be no reason for routing the certifications through the Secretary of State is that the propriety of convention nominations depends on the adoption of that method of nomination by the state executive committee, whose decision is certified to the Secretary of State (Art. 13.46), and he would be the officer possessed of knowledge as to the method which the committee had chosen. On the other hand, it could be argued that if the Legislature intended to require certification to the Secretary of State, there would have been no reason for placing county nominations in a separate clause in Article 13.48, as this meaning could have been expressed more directly and clearly by making the statute read that "all nominations so made by a State, district, or county convention shall be certified by the chairman of the State, district or county committee of such party to the Secretary of State."

It could also be urged in support of the second construction that, like Nature, the law abhors a vacuum, and that the statute should not be construed to leave a void if it can reasonably be construed otherwise. However, other instances can be pointed out where the Legislature, apparently through oversight, failed to provide the method for certifying certain nominations, and it cannot be said with assurance that this is not another example of oversight. For example, until the addition of the last sentence of Article 13.25 in 1951, there was no provision for certification

of district nominations made in second primary elections, and there is still no express provision governing certification of county and precinct nominations made in the second primary. There is no statute providing how presidential elector candidates shall be certified. Prior to the addition of the last sentence of Article 1.03 in 1951, except for independent candidates (Art. 13.52) there was no provision directing the Secretary of State to certify to the county clerks the names of state and district candidates which had been certified to him.

Against the construction that these county nominations are to be certified to the Secretary of State, it could be pointed out that Article 1.03 makes no mention of county nominations in providing for certification by the Secretary of State to the county clerks. The provision which was added to Article 1.03 in 1951 reads as follows:

" * * * The Secretary of State shall at the same time /that he is required to furnish forms of election blanks to each county judge/ certify to each county clerk a list of all the candidates who have been nominated for state office and for district office where the district consists of more than one county, if said district nominees have not been certified directly to the county clerk."

Since this statute makes no mention whatever of county nominations, it could be argued that it evidences a legislative construction that the Election Code does not require certification of any county nominations to the Secretary of State.[1]

---

[1] There may still be a hiatus in Article 1.03 with respect to district offices in districts of only one county, inasmuch as Arts. 13.48 and 13.56 provide for certification of district nominations to the Secretary of State without excluding districts of only one county. Also cf. Arts. 13.50-13.52, relating to independent candidates. What effect the addition of this provision had on the method of making or certifying one-county district nominations, and conjecture on how it happened to be drafted in language omitting one-county districts, are outside the scope of this opinion. The significant fact for the purpose of this opinion is that the statute totally fails to mention county nominations, and it could be argued that this omission would not likely have occurred if the Legislature had intended that nominations by county conventions were to be certified to the Secretary of State. However, if it should be held that Art. 13.48 does require certification of county nominations to him, it is his duty to certify the nominations to the proper county clerks though there is no express statutory provision for it. Seay v. Latham, 143 Tex. 1, 182 S.W.2d 251 (1944).

The administrative construction which has been placed on a statute is of persuasive force in determining the meaning of a doubtful provision, and prior administrative construction is of compelling force where the statute has been re-enacted without substantial change. "It is a very well-established rule there where a statute of doubtful construction has been construed by executive officers of the State charged with its execution, and it has subsequently been re-enacted without substantial change of language, it will continue to receive the same construction." Stanford v. Butler, 142 Tex. 692, 181 S.W. 269 (1944). If we are correct in our conclusion that Article 13.48 does not clearly require certification to the Secretary of State, and if it could be shown that the established administrative construction prior to 1951 was against that interpretation, it would follow that the statute should continue to receive the same construction after its re-enactment in 1951.

You have informed us that records of certifications in the Secretary of State's office prior to 1931 are not available, but that you have examined the records from 1931 through 1958 and have found no instance where the Secretary of State has received and acted on a certification of a county nomination. Of course, the fact that the Secretary of State has not received any such certificates does not of itself show that such nominations have been made and certified directly to the county clerk. While nominations for county offices by statewide parties not holding primaries has been the exception more often than the rule, it seems unlikely that they have been so sporadic that no pattern of administrative construction has been established. Three known instances of county nominations have been cited in this opinion (Couch v. Hill, Pulliam v. Trawalter, Att'y Gen. Op. V-1529, supra). However, we have no readily available means of obtaining information on the number of times that county conventions have nominated candidates, and in the absence of more evidence as to the number of such nominations we are unable to say that compelling weight should be given to prior administrative construction.

If Article 13.48 fails to name the officer to whom county convention nominations are to be certified, it would be proper for the county chairman to make the certification to the officer named in other statutes regulating analogous nominations. Morris v. Mims, 224 S.W. 587 (Tex.Civ.App. 1920). That case held that where the statute prescribed no method by which a new party might make nominations, it had the right to pursue any reasonable method not prohibited by law, and the party having made nominations for state offices by one of the methods prescribed by statute for making nominations

by pre-existing parties and having properly certified the nominations to the Secretary of State, it was his duty to certify the names of the candidates to the proper election officers to be placed on the official ballot as the nominees of the party. By like reasoning, if Article 13.48 does not specify the officer to whom county nominations are to be made, the county chairman may pursue the course prescribed in some other statute relating to county nominations. As previously noted, all other county nominations are certified either to the county judge or to the county clerk. Nominations which are certified to the county judge must in turn be certified by him to the county clerk, as the county clerk is the officer who posts the names of the nominees and orders their names placed on the ballot. Art. 13.32, Election Code. There is no apparent reason why a county convention nomination should be certified to the county judge. If Article 13.48 does not require certification to the Secretary of State, we are of the opinion that the nominations could be certified directly to the county clerk.

After considering all the arguments, we are unable to state categorically that Article 13.48 does not require certification to the Secretary of State. We are equally unable to state that it does. Needless to say, neither your office nor our office has the final authority to construe the statute; that authority rests with the courts. The opinion you are seeking from us is not for the purpose of finally resolving the question but to obtain advice on what you should do in the present situation. As we have said, the uncertainty of the State's officers as to which of them has the authority to accept the certificate should not defeat the right of the nominees to have their names placed on the ballot. Where there has been no prior judicial construction, we believe that a court would order the names of the nominees placed on the ballot upon tender of the certificate in proper form and in due time to either the Secretary of State or the county clerk. Our advice is that, in the absence of a judicial construction, you should accept the certificate tendered to you and in turn certify the names of the nominees to the County Clerk of Harris County.

## SUMMARY

Article 13.48 of the Election Code is susceptible of two constructions, the first being that the statute does not specify to whom county convention nominations are to be certified and the second being that the nominations are to be certified to the Secretary of State. If the first

construction is correct, the certification may be made to the county clerk. There having been no judicial interpretation of the statute, the Secretary of State should accept a certificate of nominations by a county convention which has been tendered to him and should in turn certify the nominees to the county clerk.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall

Mary K. Wall
Assistant

MKW:ljb:bh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis, Jr.
Riley Eugene Fletcher
Tom I. McFarling
Leon F. Pesek

REVIEWED FOR THE ATTORNEY
GENERAL BY:
Leonard Passmore