Frank M. MONTAGUE, Jr., Appellant,

v.

W. B. "Mack" JOINER, Appellee.

No. 14365.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 14, 1964.

Robert R. Barton, Kerrville, for appellant.

James L. M. Miller, San Antonio, for appellee.

PER CURIAM.

W. B. "Mack" Joiner, the Democratic nominee for County Commissioner of Precinct No. One, Bandera County, Texas, obtained an injunction against R. L. Hayes, County Clerk of that County, enjoining him from printing the name of Frank M. Montague, Jr., on the official ballot for the general election as the Republican nominee for County Commissioner, Precinct No. One. Montague intervened and after a hearing the trial court granted the injunction. We affirm the decree.

The findings and conclusions of the trial court show that the decree was entered because the Republican Party was not organized and did not exist in Bandera County, and even if there was a party, Montague had not complied with many requirements of the Election Code. Montague was acting as Republican Chairman of Bandera County in February, 1964. He had not been elected but had been appointed by the State Republican Chairman. He determined to run for Commissioner, so he filed with himself and then resigned as County Chairman. At that time, the Bandera Republican Party had no chairman, and had no executive committee. The party was actually non-existent. This situation was not corrected from February to July 27, 1964, when the State Republican Chairman appointed another person as County Chairman. It is asserted that Montague received two votes in one election precinct and three in another. There was no election held in the third election precinct of Commissioner's Precinct No. One.

Montague takes the position that it was impossible for the Republican Party to comply with the Election Code for the May primary, because the Code requires candidates to file with an elected County Chairman (Article 13.18), and the Republican Party, being a new party in Bandera County, had no elected chairman or executive committee members. The Code requires all candidates to be nominated by a primary election, since more than 200,000 votes were cast for the Republican candidate for Governor in 1962. Art. 13.02, Election Code, V.A.T.S. The trial court found that there never had been a Republican Primary in Bandera County. Montague says that under existing statutes there is no way for the party ever to begin in a county, since candidates must file with an elected county chairman and, to begin with, there is neither an elected chairman nor a county executive committee.

In our opinion, the Code contemplates a reasonable compliance by a bona fide temporary organization of a new party which may be set in motion when the State Executive Committee appoints a County Chairman. See Williams v. Huntress, 153 Tex. 443, 272 S.W.2d 87, 88; Morris v. Mims, Tex.Civ.App., 224 S.W. 587. The point before us, however is not the impossibility of party organization, it

is the non-existence of an organization. During all of the claimed election processes, there was no Republican County Chairman, nor an Executive Committee. Before there can be a party election, there must be a party organization to conduct the election. When Montague resigned his appointment, there was nothing left of the county organization, and his vacancy was not filled until long after the election. No effort was made to organize the party after its only official resigned.

We need not place our affirmance upon this total failure to provide a temporary organization until such time as there was an election of party officials. Mr. Montague concedes that the Election Code was not followed in the election process. He reasons that, since it was impossible to comply with the requirement that he file with an elected party chairman, he was excused from all the rest of the Election Code. We shall mention some of the Code provisions which were not followed. The trial court found that Montague did not pay the filing fee required by Art. 13.07a, Election Code, V.A.T.S. See Brown v. Walker, 377 S.W. 2d 630, Tex. 1964. He was not assessed. Art. 13.08. The County Clerk was provided no certificate of those filing for County offices. The Code states in this connection, " * * * and the names of such candidates shall not be printed on the primary ballot unless such application shall have been filed as provided herein." No primary committee made up the official ballot as provided in Art. 13.14. No provisions were made for absentee voting. Art. 5.05. The ballots used on election day did not contain the required party test. Article 13.11, Election Code, V.A.T.S.; McIver v. Starkey, Tex.Civ.App., 316 S.W.2d 321. There was no canvass of the returns by the judges of any election precincts. Art. 13.24. No effort was made to comply with the requirements that the County Executive Committee canvass the returns. Arts. 13.-24, 13.25. There was no official record of any kind in the County Clerk's office that there had been a Republican Primary in Bandera County on May 2, 1964. The first public record of a party primary appeared on September 10, when the newly appointed County Chairman filed a certificate which stated that Mr. Montague had been nominated.

The Election Code applies to all parties and all candidates. It is not a sound principle that, while others are bound to observe and obey the requirements of the Election Code, one is freed from its requirements upon proof that there is no party organization. This is what was meant by Art. 6.01, when it stated, "No name shall appear on the official ballot except that of a candidate who was actually nominated (either as a party nominee or as a non-partisan or independent candidate) in accordance with the provisions of this Code." The trial court properly enjoined the Clerk from printing Mr. Montague's name on the ballot. Pulliam v. Trawalter, Tex.Civ.App., 120 S.W.2d 108, accord, Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037.

The decree is affirmed.