

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 26, 1968

Honorable Roy R. Barrera
Secretary of State
Capitol Station
Austin, Texas   78711

Dear Mr. Barrera:

Opinion No. M-215

Re:   Whether the name "American
      Party" is available under
      the provisions of Article
      13.57 of the Texas Election
      Code and relating questions.

Your request for an opinion reads as follows:

"The American Party on October 27, 1967 certi-
fied to this office that its nominations for the
1968 voting year would be made by conventions and
not by primary elections.  Secretary of State John
L. Hill by letter dated February 1, 1968 advised
that the name 'American Party' was available for
use by the new political party.  (Art. 13.57.)  On
February 15, 1968 the American Party advised the
Secretary of State that it would not have nominees
for statewide offices but intended to certify can-
didates for President and Vice President of the
United States and for presidential electors.

"This office has received inquiries from county
clerks and county assessor-collectors relative to
their authority or duty to file certain notices and
supply voter registration lists to the American Party.
Your opinion is respectfully requested on these spe-
cific questions:

"(1)  Is the name 'American Party' available
under the provision of Art. 13.57 of the Election
Code?

"(2)  Should the county clerks accept for filing
the notices required of the American Party by the
Election Code?  (Art. 13.34.)

"(3)  Is the registrar of voters required to
furnish the American Party a list of registered
voters for not more than $5 per set?  (Art. 5.19a,
Election Code.)

"   .   .   ."

- 1031 -

Article 13.57 of the Texas Election Code provides:

"No new political party shall assume the name of any pre-existing party; and the party name printed on the official ballot shall not consist of more than three (3) words."

In Morris v. Mims, 224 S.W. 587, (Tex.Civ.App. 1920), the Court stated:

". . . The Legislature may make reasonable regulations as to how nominations may be made, but it cannot prohibit such nominations, whether by a new party or an old one (Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1039); and it cannot nullify the effect of such nominations, when legally made, by prohibiting the printing of the names of such nominees upon the official ballot, the same being the only ballot that can be legally voted."

In construing the provisions of Article 3174, Revised Civil Statutes of Texas, 1911 (now Article 13.57 of the Election Code, supra), the Court said:

"The statute prescribes no method by which a new party may make nominations. Such being the case, a new party has the right to pursue any reasonable method in making its nominations, not prohibited by law. As the American party pursued one of the methods prescribed by statute for making nominations by pre-existing parties, we hold that such method was reasonable, and, as there is no law forbidding it to pursue such method, we hold that its nominations of the candidates named in the petition herein were legally made. The same having been properly certified to the secretary of state, it is his duty to certify the names of such candidates to the proper election officers, whose duty it will be to print or cause to be printed the names of such candidates on the official ballots as the nominees of the American party."

You state in your letter that on February 1, 1968, the Secretary of State advised that the name "American Party" was available for use by the new political party. Furthermore, you have certified as follows:

"I, ROY R. BARRERA, Secretary of State of the State of Texas DO HEREBY CERTIFY that according to the records of Secretary of State the returns of

the General Election held on November 2, 1920
show that the American Party was on the Texas
election ballot and the vote cast for the
electors of this party for President and Vice-
President.

"I further certify that the American
Party has not been certified on the General
Election ballot since November 2, 1920."

It is our opinion, therefore, that the phrase "pre-existing
party" refers to a party existing at the time a new political
party is formed.  Therefore, you are advised in answer to
your first question, under the factual situation submitted,
that the name "American Party" is available under the pro-
visions of Article 13.57 of the Election Code.

You state in your request that on February 15, 1968,
the American Party advised the Secretary of State that it
would not have nominees for statewide offices but intended to
certify candidates for President and Vice President of the
United States and for presidential electors.  In Seay v. Latham,
143 Tex. 1, 182 S.W.2d 251, (1944), it was held that in the
absence of a statute directing how a political party should
elect its nominees for presidential electors, the party is free
to follow any method which it may choose in keeping with party
customs not expressly prohibited by statutes; and the Secre-
tary of State is required to certify to the election officials
the names of the party nominees to be placed on the official
ballot.

In view of the foregoing, you are advised in answer
to your second question that the county clerk must accept for
filing the notices required of the American Party by Article
13.34(e) of the Texas Election Code wherever precinct con-
ventions are being held by the political party in his county.

Subdivision 3 of Article 5.19a of the Texas Election
Code provides as follows:

"No charge shall be made for lists furnished
for use in elections held at the expense of the
county or any city or other political subdivision.
For each set of original and supplemental lists
which the registrar is required to furnish to the
executive committee of a political party for use
in its primary elections, the registrar shall be
permitted to charge not more than Five Dollars ($5),
to be paid by the party or the chairman so ordering

the lists, which charge shall be in full for both the original lists and the supplemental lists. The registrar shall also furnish to the county executive committee of each political party, for any year in which such party is holding precinct conventions, one set of the original and supplemental lists for use in qualifying persons to participate in such conventions, for which the registrar shall be permitted to charge not more than Five Dollars ($5)."

In answer to the third question, you are, therefore, advised that the registrar of voters is required to furnish the American Party a list of registered voters for not more than Five Dollars ($5) per set if the political party is holding precinct conventions.

## S U M M A R Y

The name "American Party" is available under the provisions of Article 13.57 of the Texas Election Code. The county clerk must accept for filing the notices required of the American Party by Article 13.34(e) of the Texas Election Code wherever precinct conventions are being held by the political party in his county. The registrar of voters is required under Article 5.19a of the Texas Election Code to furnish the American Party lists of registered voters for not more than Five Dollars ($5) per set if the political party is holding precinct conventions.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
John Grace
Harold Kennedy
James McCoy

A. J. CARUBBI, JR.
Executive Assistant