

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 2, 1962

Honorable William Hunter
District Attorney
69th Judicial District
319 Denrock Avenue
Dalhart, Texas

Dear Mr. Hunter:

Opinion No. WW-1294

Re: Failure of candidate
to pay assessment as
required by Art. 13.08
and 13.15, Texas Election
Code.

You have asked the following question:

"Article 13.08 of the Election Code provides for determining the amount of assessment of the candidate and how that is paid, and further provides for the final date of payment. Art. 13.15 requires a filing fee to be paid before the name is placed on the ballot. If a candidate paid no assessment by the final hour and date, but is the only candidate for that position, should his name appear in the list of candidates on the ballot for that party in the November Election?"

Article 13.08, Texas Election Code, reads in part as follows:

"Prior to the assessment of the candidates, the county committee shall carefully estimate the cost of printing the official ballots, ..., compensation of election officers and clerks ..., and all other necessary expenses of holding the general and second primaries in such county and on the second Monday in February preceding each primary, shall apportion such cost in such manner as in their judgment is just and equitable among the various candidates for nomination for district, county and precinct offices, only ... The committee shall, by resolution direct the chairman to immediately mail to each person against whom an assessment is made a statement of the amount of such expenses apportioned to him, with the request that he pay the same to the county chairman on or before the Saturday before the

third Monday in February thereafter.  Candi-
dates filing subsequently shall pay the same
assessment prescribed for other candidates
for the office they seek, and shall have
one (1) week from the date they file in
which to pay said assessment.  It shall be
sufficient to meet the requirements of this
law to mail by registered letter to the
chairman before the deadline herein provided,
as shown by the postmark on the letter, a money
order, a certified check, or a good personal
check."

Article 13.08a, Texas Election Code, which is applicable
only to counties having a population of 800,000 or more inhabitants,
appears to be more stringent in its terms than Art. 13.08, since
Art. 13.08a states, "The application and payment must be delivered
to the proper party chairman or secretary by the deadline for
making application for a place on the ballot, and it shall not be
sufficient for the application and payment to have been mailed
before the deadline unless they are actually delivered by the
deadline."  /Emphasis added./  Article 13.08a is not involved in
this opinion.

Section (a) of Article 13.15, Texas Election Code, with
reference to the Primary, reads as follows:

"No person's name shall be placed on the
ballot for a district, county or precinct
office who has not paid to the county
executive committee the amount of the
estimated expense of holding such primary
apportioned to him by the county executive
committee as hereinbefore provided."

Art. 6.01, Texas Election Code, in referring to the ballot
to be used in a General Election, states:

".  .  . The names shall appear on the
ballot under the head of the party that
nominates them.  .  .  ."

We assume from your question that you are referring to
candidates for district, county and precinct office who are
required by law to pay their assessment to the chairman of the
county executive committee, and not to candidates for state office
or for the Court of Civil Appeals or Congressman at Large, who
pay their filing fees to the state executive committee.

It has been held in King v. Fitch, 181 SW2d 926 (Civ. App. 1944) and Fisher v. Dallas County Democratic Executive Committee, 333 SW2d 604 (Civ. App., 1960) that payment of the assessment two days after the deadline and one day after the deadline, respectively, was substantial compliance with the statute. But nowhere do we find that an announced candidate may wholly fail to pay any assessment at all, and still be entitled to have his name placed on the primary ballot. To hold that such was the law would be contrary to the language of the statute, and would prevent the holding of any primary at all, since the assessments pay the expenses of the primary. Your question skips over the primary and goes to the General Election to be held in November. Certainly, no candidate's name should appear as a nominee of his party on the General Election ballot, if he is not selected as a nominee in the primary (except in cases of death of the nominee as provided in Art. 8.22, Election Code). Of course the voters may select a nominee by write-in votes. But in the situation you have outlined in your first question, the candidate has filed his application for a place on the party ballot for the general primary, and has not paid his assessment. We hold, therefore, in answer to your question that if the candidate will not make substantial compliance with Art. 13.15, Texas Election Code, his name cannot appear on the primary ballot. If, thereafter, he is not chosen by the voters as their nominee by write-in votes in the primary, his name cannot appear in the party column on the General Election ballot as the nominee of the party, as provided in Art. 6.01, Texas Election Code.

You have also asked the following question:

"If a party holds primary elections only in part of the precincts in a county, but not all, can or must a winning candidate's names for that party appear on the November ballot?"

This question has already been answered by Attorney General's Opinion No. V-1529, written in 1952 to County Attorney R. C. Marshall of Hutchinson County, copy of which opinion is enclosed.

Your third question reads:

"Can a person convicted of a felony, who, thereunder, served a penitentiary sentence and had not received a pardon, have his name on the Election Ballot, and if elected, is such candidate qualified to hold the office?"

This last question has been answered by Attorney General's Opinion No. 0-2698, written in 1940 to County Attorney J. W. Strawn of Willacy County, copy of which is enclosed.

## S U M M A R Y

A candidate who files for district, county or precinct office, and who refuses to pay the assessment set by the county executive committee, is not eligible to have his name printed on the ballot for the general primary, as provided by Art. 13.15, Texas Election Code.

Only the nominees of the party are entitled to appear in the party column on the General Election ballot. Art. 6.01, Texas Election Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Riley Eugene Fletcher
Assistant

REF/cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Elmer McVey
Morgan Nesbitt
Gordon Zuber
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL:
By: Houghton Brownlee, Jr.