**B.J. SMITH, Plaintiff,**

v.

**Honorable David DEAN, Secretary of State of Texas, Defendant.**

**Civ. A. No. 3-82-1527-H.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 23, 1982.

Earl Luna, Dallas, Tex., for plaintiff.

James P. Allison, Asst. Atty. Gen., Austin, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Plaintiff's Original Complaint and Application for a Temporary Restraining Order, filed September 20, 1982, which has been treated by the Court as an Application for Preliminary Injunction, and the briefs and evidence presented to the Court. The Court is of the opinion that the Application should be, and it is hereby, DENIED.

### FACTS

Under Article 3, Section 19 of the Texas Constitution, persons holding certain specified offices, as well as any "lucrative office", cannot run for the Texas legislature during "the term for which [they are] elected or appointed . . . ." In January 1980, the United States District Court for the Western District of Texas declared Section 19 unconstitutional. *Fashing et al. v. Moore,* 489 F.Supp. 471 (W.D.Tex.1980). On October 31, 1980, the Fifth Circuit affirmed without opinion. *Fashing, et al. v. Moore,* 631 F.2d 731 (5th Cir.1980). The defendants appealed, and the Supreme Court noted probable jurisdiction on June 1, 1981. *Clements v. Fashing,* 452 U.S. 904, 101 S.Ct. 3028, 69 L.Ed.2d 404 (1981).

In December 1981, Plaintiff B.J. Smith ("Smith") resigned his office as Mayor of Mesquite to run for the Texas legislature. Smith had been elected Mayor for a two-year term beginning April 1981 and ending April 1983. Smith became the Republican nominee for House of Representatives District 105 on May 1, 1982.

The Supreme Court, on June 25, 1982, reversed the Fifth Circuit and held that Article 3, Section 19 is constitutional. *Clements v. Fashing,* —— U.S. ——, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982). The Court denied a motion for rehearing on September 13, 1982. The Secretary of State of the State of Texas wrote Smith on September 15, 1982, informing Smith that he was ineligible as a candidate in the November 1982 General Election and that there was therefore a vacancy for the Republican nominee for District 105. Smith seeks to enjoin the Secretary of State from interfering with Smith's being placed on the November ballot.

### The Substantive Law

■ Smith first asserts that Article 3, Section 19 of the Texas Constitution does not apply to him because his office as Mayor of Mesquite was not a "lucrative office." It is undisputed, however, that as Mayor Smith received $100.00 per month, that the $100 per month was designated as "salary", and that Smith was entitled to the $100 per month even if he had no expenses. The Texas Supreme Court has held that a salary of $10 per month plus $10 per diem for each meeting attended makes an office "lucrative". *Willis v. Potts,* 377 S.W.2d 622 (Tex. 1964). This Court is bound by the *Willis* holding, and under *Willis* Smith's office as Mayor of Mesquite was clearly "lucrative".

Smith next alleges that the Secretary of State's complaints as to his ineligibility are moot. Smith cites the well established rule that election "contest proceedings" become moot if they are not brought in time to be "completed in a tribunal of last resort". *Iles v. Walker,* 132 Tex. 6, 120 S.W.2d 418, 421 (1938). The term "contest proceedings" has a very specific meaning. It refers only to a complaint by one candidate against another candidate concerning the validity of an election. *See Iles v. Walker,* 120 S.W.2d at 422; *Sterling v. Ferguson,* 122 Tex. 122, 53 S.W.2d 753, 755 (1932). Thus, the rules concerning "contest proceedings" are inapplicable to Smith's case.

■ Smith further contends that the Supreme Court decision upholding Section 19 should not apply retroactively to bar his candidacy. The Supreme Court did not state whether its ruling should be applied retroactively—that is, whether it should be applied to those who had filed for office between January 1980 (when Section 19

was held unconstitutional) and September 1982 (when Section 19 was finally held constitutional). *See Clements v. Fashing,* —— U.S. ——, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982). However, in their Motion for Rehearing, filed July 20, 1982, plaintiffs specifically requested the Supreme Court to rule that its holding was not retroactive. The Court declined to so hold; its denial of the Motion for Rehearing creates a strong presumption that the Court intended its *Clements v. Fashing* ruling to have retroactive effect.

In some cases, a lower court can hold a case nonretroactive, despite the Supreme Court's silence on the issue. *See Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973). The Supreme Court has established a balancing test for determining when a ruling should be held nonretroactive. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). First, "the decision to be applied nonretroactively must establish a new principle of law, either by *overruling clear past precedent* on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Id.* at 106, 92 S.Ct. at 355 (emphasis added). Second, the Court must determine whether retroactive operation will further or retard the operation of the ruling in question. *Id.* at 106–107, 92 S.Ct. at 355–56. Finally, the Court must weigh the "inequity imposed by retroactive application . . . ." *Id.* at 107, 92 S.Ct. at 355.

Based on the factors enumerated in *Chevron,* the Court finds that the ruling in *Clements v. Fashing, supra,* has retroactive application in the case at bar. Admittedly, there may be some inequity in finding that the case applies retroactively. At the time Smith decided to run, two lower federal courts had held Section 19 unconstitutional (although the U.S. Supreme Court had noted—on June 1, 1981—that it would probably review these rulings). Even assuming that Smith could satisfy the second *Chevron* factor and show that a finding of retroactivity would not further the purposes of the ruling at issue, Smith fails to satisfy the first *Chevron* criterion. The lower federal court decisions overturning Section 19, which had been in the Texas Constitution for generations, were obviously not "clear past precedent"; in fact, those decisions were being appealed to the Supreme Court when Smith chose to rely on them.

The case at bar can be distinguished from the cases Smith cites. In all the cases Smith cites, the party relied either on a validly enacted statute or on a *final* court decision. *See Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973); *Cipriano v. City of Houma,* 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); *Chevron, supra; Winn v. Lackey,* 618 S.W.2d 910 (Tex.Civ.App.—Eastland, 1981, no writ). There is much less justification for reliance on a decision which is on appeal than on one which is final. One who relies on a case that is pending on appeal assumes the risk that the case may be reversed and that his reliance may be misplaced.

Given that the Supreme Court decision has retroactive effect, Smith's nomination is invalid. Smith thus has no legitimate entitlement to the nomination. It follows that Smith's due process rights are not violated by his being deprived of the nomination. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Moreover, even if the Supreme Court's ruling did not apply retroactively as to Smith, Smith would still be ineligible as a candidate for the Texas legislature. The Texas Supreme Court has construed Section 19 to bar a person elected to a "lucrative" office from running for the Texas legislature until the end of the *full* term of the office to which he was elected. *Lee v. Daniels,* 377 S.W.2d 618 (1964). Even if the officeholder resigns his office (as Smith did), he is barred from running for the legislature until his full term has expired. It is undisputed that the term to which Smith was elected as Mayor does not expire until April 1983. Thus, under Texas law, Smith cannot run for the legislature prior to April 1983. *Id.* Even if this Court held the Supreme Court decision to be not retro-

active, Smith as a legislative candidate would still be in violation of Article 3, Section 19, after the Supreme Court's September 15, 1982, decision. Therefore, irrespective of retroactivity, Smith is clearly ineligible to be on the ballot in the November 1982 General Election.

Under the Texas Election Code, Art. 1.06, V.T.C.S., the Secretary of State cannot certify an ineligible candidate. The Election Code clearly states that "... no ineligible candidate shall ever have his name placed upon the ballot at any primary, general or special election." Art. 1.05(4), Texas Election Code, V.T.C.S.

Smith's Application for injunctive relief is in all respects DENIED.

SO ORDERED.