MARY'S OPINION HEADING 









                                                NO.
12-07-00098-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

§                      

IN
RE:

§                      ORIGINAL PROCEEDING

PEGGY
FOWLER REDDING

§

                                                                                                                                                           


MEMORANDUM
OPINION

            Relator, Peggy Fowler Redding, petitions for a writ of
mandamus ordering the trial court to vacate its order appointing the real party
in interest, Doris Fowler, permanent guardian of Relator’s father.[1]  Relator contends the order is void, because
the trial court lacked jurisdiction.  We
conditionally grant the writ of mandamus.

 

Background








            On August 14, 2006, Relator applied for temporary
guardianship of her father, William Neal Fowler.  The trial court appointed her temporary
guardian pending the hearing set on her temporary guardianship application for
August 21, 2006.  Two days after Relator
filed her application, Doris Fowler, William Neal Fowler’s spouse, filed her
application for appointment as temporary guardian and as permanent
guardian.  On the date set for hearing
Relator’s application for temporary guardianship, Doris Fowler filed an amended
petition for permanent guardianship.  At
the conclusion of the hearing held on August 21, 2006, the trial court
appointed Fowler permanent guardian of her husband’s person and estate.  On September 18, 2006, the trial court signed
the order appointing Doris Fowler permanent guardian of the person and estate
of William Neal Fowler.  The order
recited that the application came on to be heard on August 21, 2006.  August 28, 2006 was the return date shown on
the citation on Doris Fowler’s application for appointment as permanent
guardian.  

Availability of Mandamus

            Mandamus is appropriate if the trial court has abused its
discretion, and the relator has no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). 
A trial court abuses its discretion when it acts without reference to
any guiding rules or principles, that is when it acts in an arbitrary and
unreasonable manner.  City of San
Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex.
2003).  A trial court abuses its
discretion in issuing an order when it lacks jurisdiction to issue the
order.  In re Sw. Bell Tel. Co.,
35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  When an order is void, the relator need not
show it did not have an adequate appellate remedy.  Id.

 

The Trial Court’s Jurisdiction

            Relator contends the trial court lacked jurisdiction to
render the order appointing Doris Fowler permanent guardian, because as the
order plainly states, it was made before the Monday following the expiration of
the ten day period beginning the date of service of notice and citation.  See Tex.
Prob. Code Ann. § 633(f) (Vernon Supp. 2006) (prescribes when a trial
court may act on an application for creation of a guardianship).  Relator maintains that, because the order was
rendered before the return date, it is void. 
Relator also contends the order is void because neither Doris Fowler nor
her attorney filed an affidavit stating that the required notice had been sent
to the proposed ward’s children.  See
id. § 633 (d-1)(2) (requiring filing of affidavit sworn by
applicant or applicant’s attorney that notice was mailed as required by section
633, subsection (d)).

Applicable Law

            The Texas Probate Code confers jurisdiction on county
courts to appoint guardians for incapacitated persons.  Id. § 605 (Vernon 2003); see
also id. § 606 (Vernon Supp. 2006).  Probate proceedings, however, including the
appointment of guardians, are not within the common law jurisdiction of the
courts.  The constitution, and the laws
enacted pursuant to it relating to guardianships, define and limit the powers
of the probate courts and they possess no other powers except those there
enumerated. 42 Tex. Jur. 3d Guardianship
and Conservatorship § 18 (2005).  The
power of a court to appoint a guardian is a special power conferred by
statute.  Compliance with the statute is
a condition precedent to the valid exercise of that power and is jurisdictional.  Ortiz v. Gutierrez, 792 S.W.2d
118, 119 (Tex. App.–San Antonio 1989, writ dism’d) (emphasis added).

            Regarding the procedure the court must follow in creating
a permanent guardianship, the Probate Code provides, as follows:

 

The
court may not act on an application for the creation of a guardianship until
the Monday following the expiration of the 10-day period beginning the date
service of notice and citation has been made as provided by Subsections (b),
(c), and (d)(1) of this section and the applicant has complied with Subsection
(d-1) of this section.

 

 

Tex.
Prob. Code Ann. § 633(f). 
“Section 633 does not set out optional procedures; only through
compliance with Section 633 of the Texas Probate Code is the trial court’s
jurisdiction invoked.”  In re
Erickson, 208 S.W.3d 737, 740 (Tex. App.–Texarkana 2006, no pet.).

            A judgment is void when the rendering court has no
jurisdiction of the parties, no jurisdiction of the subject matter, no
jurisdiction to enter the judgment, or no capacity to act as a court.  Cook v. Cameron, 733 S.W.2d
137, 140 (Tex. 1987).  “[A] void judgment
is one entirely null within itself and which is not susceptible of ratification
or confirmation and its nullity cannot be waived.”  Easterline v. Bean, 121 Tex.
327, 49 S.W.2d 427, 429 (1932).  To be
void, a judgment’s invalidity must appear from the record.  Iles v. Walker, 132 Tex. 6, 120
S.W.2d 418, 421 (Tex. 1938).  

Discussion








            Doris Fowler filed her application for temporary
guardianship and permanent guardianship on August 16, 2006.  Under Section 633(f), the earliest date the
court could act on that application was August 28, 2006.  The record affirmatively shows that the court
acted on Doris Fowler’s application for permanent guardianship by rendering
judgment appointing her permanent guardian of the ward’s person and estate on
August 21, 2006.  The court signed a
written order on September 18, 2006. 
The date of judgment, however, is the date of its oral pronouncement in
open court on August 21, 2006, not the date of the signing of the written
order.  In re Erickson, 208
S.W.3d at 741; see also In re Joyner, 196 S.W.3d 883, 886-87
(Tex. App.–Texarkana 2006, pet. denied).

            Doris Fowler argues that the order is not void despite
its premature rendition and notwithstanding her failure to satisfy several
other requisites of Section 633, because all the interested persons were
present at the August 21 hearing, including the attorney appointed to represent
the proposed ward, and all the witnesses agreed that a permanent guardianship
was necessary.  Relators maintain that
the proposed ward was not present and the judgment does not reflect that he was
present at the hearing.[2]  However, even if the facts surrounding the
hearing are as Fowler contends, we must still conclude the court lacked
jurisdiction.  

            There is no alternative procedure to Section 633 in the
Probate Code, nor do we find any authority for the waiver of its
requirements.  The Probate Code does not
provide a procedure for waiver of jurisdictional requirements by the proposed
ward.  Erickson, 208 S.W.3d
at 742.  And an interested person may not
waive those requirements on behalf of the proposed ward.  Id. at 743; see also In
re Mask, 198 S.W.3d 231, 234 n.3 (Tex. App.–San Antonio 2006, orig.
proceeding). Moreover, the hearing was expressly set on Relator’s application
for temporary guardianship.  Doris Fowler
filed her amended application for permanent guardianship on the day of the hearing.  From the record, it appears extremely
doubtful that, when the hearing commenced, either the court or counsel
considered Fowler’s permanent guardianship application to be before the
court.  The parties behaved as though it
was a hearing on Relator’s application for temporary guardianship.  Relator’s counsel opened as one would expect
on a hearing on Relator’s application. 
In closing, Relator’s counsel asked the court to appoint Relator
temporary guardian.  Not until his
concluding sentence before the court entered judgment did Fowler’s attorney
inform the court, “Your honor, we’re not asking for a temporary
guardianship.  We are asking for a
permanent.”  There was no waiver of
jurisdictional requirements.

            We hold that in rendering the order appointing Doris
Fowler permanent guardian on August 21, 2006, on her application of August
16, 2006, the trial court acted before it had acquired jurisdiction to order
the permanent appointment.  Therefore,
the order is void.  

Disposition

            Because the order appointing Doris Fowler guardian of the
person and estate of William Neal Fowler is void, we conditionally grant the
writ of mandamus.  We are confident that
the trial court will promptly vacate the order, and the writ will issue only if
it fails to do so within ten days of the date of this opinion and corresponding
order.  Immediately upon compliance with
our order, the trial court shall furnish the Clerk of this Court a certified
copy of its order evidencing such compliance.

 

 

                                                                                                    BILL BASS   


                                                                                                            Justice

 

 

 

Opinion
delivered April 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Respondent is the Honorable D. Matt
Livingston, Judge of the County Court at Law Number 1, Henderson County, Texas.





[2] A proposed ward must be present at a
hearing to appoint a guardian unless the court, on the record or in the order,
determines that a personal appearance is not necessary.  Tex.
Prob. Code Ann. § 685 (Vernon 2003).