# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-12-00629-CV

---

**Michael Cargill, Appellant**

**v.**

**Jaime Adan Ballesteros, Constable, Precinct 2, Travis County, Texas;**
**David Escamilla, County Attorney, Travis County, Texas;**
**The Texas Democratic Party; and The Travis County Democratic Party, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT**
**NO. D-1-GN-12-002377, HONORABLE JAMES E. MORGAN, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Appellant Michael Cargill sued appellees Travis County Constable Jaime Adan Ballesteros, Travis County's County Attorney David Escamilla, the Texas Democratic Party, and the Travis County Democratic Party, alleging misconduct related to Cargill's unsuccessful election campaign against Ballesteros. Cargill challenged the outcome of the election and asserted claims for tortious interference with his right to seek office, disgorgement, defamation, and business disparagement. Cargill sought actual and punitive damages as well as temporary restraining orders barring Escamilla from continuing a "sham investigation of Cargill" and barring all appellees from defaming Cargill; interfering with Cargill's business, right to vote, right to privacy, or right to pursue elected office; or naming Ballesteros as the winner of the election. Cargill also sought temporary and permanent injunctions and a declaratory judgment granting similar relief. Appellees filed motions to dismiss for lack of jurisdiction, arguing that Cargill's lawsuit was frivolous and should be

dismissed because he had not asserted cognizable claims or identified any specific defamatory statements and because the trial court lacked jurisdiction to interfere with Escamilla's prosecutorial discretion. The trial court granted the motions, dismissing Cargill's claims with prejudice.

On appeal, Cargill asserts that the trial court erred in dismissing his suit for lack of jurisdiction. However, his "Summary of the Argument" section states in full that "Cargill has a right to be heard upon the merits of his claims, and the record shows that the trial court violated this positive rule of law, which is unmistakably of constitutional dimension." The "Argument" section of Cargill's brief refers to Open Courts provisions, *see City of Houston v. William*s, 353 S.W.3d 128, 145 (Tex. 2011), and then, in its entirety, states, "The record in this case is replete with evidence that the trial court has miserably failed to afford Cargill any meaningful access to the Texas Judiciary, and, therefore, to any due process in this context." (Citations omitted.) Cargill's brief provides no further argument or explanation of how the dismissal of his claims violated his rights to access the courts and entirely lacks citation to the record or to meaningful authority. *See* Tex. R. App. P. 38.1(i). Thus, any error that may have occurred in the trial court has been waived.[1] *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) ("it is appellant's burden to discuss [his] assertions of error"; "[f]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint"; court has "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error").

---

[1] We have attempted to construe appellant's briefing liberally. *See* Tex. R. App. P. 38.9; *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 n.3 (Tex. App.—Texarkana 2008, pet. denied) ("We review and evaluate pro se pleadings with liberality and patience"). However, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Furthermore, as noted by appellees, regardless of whether there was any merit to Cargill's complaints under the election code, "where a contest between candidates for nomination in a party primary election cannot be tried and a final decree entered in time for substantial compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the general election, the courts must dismiss the contest as being moot." *Cummins v. Democratic Exec. Comm.*, 97 S.W.2d 368, 369 (Tex. Civ. App.—Austin 1936, no writ). As for his claims outside of the election code, the fact that the trial court dismissed them does not violate Cargill's right to access the courts. A litigant is not guaranteed the right to a full trial on the merits of his claims if those claims lack merit or if the trial court lacks jurisdiction to consider them. *See Timmons v. Luce*, 840 S.W.2d 582, 585 (Tex. App.—Tyler 1992, no writ) ("It is inconceivable that the open courts guarantee of our Constitution protects the prosecution of claims which often rest upon indisputably meritless legal theories or fantastic factual scenarios.").

Cargill has failed to provide meaningful argument that could show any error and neglected to cite to the record or authority. Further, his complaints under the election code are now moot. We affirm the trial court's orders of dismissal.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: November 6, 2013

3